Filed 9/28/20  P. v. Cervantes CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANGEL AURELIO CERVANTES,<br><br>Defendant and Appellant. | F079204<br><br>(Kern Super. Ct. No. SF019469A)<br><br><br>**OPINION** |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Steven Shayer, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and George M. Hendrickson, Deputy Attorneys General, Plaintiff and Respondent.

-ooOoo-

---

* Before Levy, Acting P.J., Poochigian, J. and Detjen, J.

## INTRODUCTION

Appellant/defendant Angel Aurelio Cervantes pleaded no contest to second degree robbery and was sentenced to two years.  On appeal, he contends the court improperly imposed a restitution fine and other fees without determining his ability to pay in violation of his constitutional right to due process under *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).  We affirm.

## FACTS[1]

"On February 11, 2019, an officer was dispatched to a residence regarding a carjacking involving a male and female suspect.  The officer observed a female subject, later identified as [codefendant] Lorraine Rivera … matching a description previously provided.  She was accompanied by [defendant] Angel Cervantes….

"The officer advised Rivera that she matched the description of a suspect involved in a carjacking.  Rivera spontaneously stated she went with a friend 'George Lopez' to steal a vehicle and her friend left in the vehicle without her.  She stated the victim, [later identified as J.B.], fell to the ground during the incident.  She assisted the victim in getting up and told her to contact law enforcement.  She admitted having knowledge that her friend planned on stealing the vehicle; however, she denied any wrong doing because she did not leave with the vehicle.  A records check of Rivera revealed she had an active warrant….

"[Defendant] Cervantes told the officer that he did not know Rivera had attempted to steal a vehicle.  He stated he saw Rivera walking down the street and he began to walk with her because they are friends.  A records check revealed [defendant] had an active warrant ….  A search of [defendant's] backpack revealed a hat and jackets matching the description of the male subject involved in the carjacking.

---

[1] There was no preliminary hearing.  At the plea hearing, the parties stipulated to a factual basis for defendant's no contest plea based on "the offense report."  The following facts are from police report that was summarized in the probation report.

2.

"An officer made contact with the victim who stated she left her vehicle in front of her trailer with the keys in the ignition. When she walked to the front of her trailer, she saw [defendant] getting into the driver's seat and Rivera getting into the passenger's seat of her vehicle. The victim approached [defendant] and told him to leave her car alone. [Defendant] ignored her and attempted to drive her car away and [she] was bumped by the car, causing her to fall to the ground. She has COPD and is not able to move quickly. Due to the fall, she hit her face on the roadway causing her to get a bloody nose, two small scrapes on her nose, and scrapes on her knees. She complained of pain to her right shoulder and both knees. The victim stated Rivera began to help her get up from the ground and asked her if she was okay and that she would get the car back for her. [Defendant] drove away while Rivera was helping her up. The victim stated nobody had permission to take her vehicle. She positively identified [defendant] and Rivera as the suspects who stole her car, via an infield show up. The victim's vehicle was located and released to her."

## PROCEDURAL BACKGROUND

On February 13, 2019, a felony complaint was filed that charged defendant Cervantes and codefendant Lorraine Rivera with count 1, carjacking (Pen. Code, § 212.5, subd. (a)).[2] The complaint alleged the following misdemeanor offenses only against defendant: count 2, possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)); count 3, possession of heroin (Health & Saf. Code, § 11350, subd. (a)); and count 4, possession of narcotics paraphernalia (Health & Saf. Code, § 11364). Defendant pleaded not guilty.

**Defendant's no contest plea**

On March 7, 2019, the court granted the People's motion to amend the complaint to add count 5, second degree robbery (§ 212.5, subd. (d)) only as to defendant.

_____

[2] All further statutory citations are to the Penal Code unless otherwise indicated.

Thereafter, defendant pleaded no contest to count 5, second degree robbery, pursuant to a negotiated disposition, for a sentence of two years in prison and dismissal of the other charges.[3]

## The probation report

The probation report stated defendant (born 1996) was in good health and a college graduate. Defendant was working for a pool service company at the time of his arrest, he was paid $13 an hour, and his monthly income was $2,000. He owned a 1996 Honda that was valued at $1,200.

In addition to the two-year prison term, the probation report also recommended the court impose a restitution fine of $300 (§ 1202.4, subd. (b)), suspend the parole revocation fine of $300 (§ 1202.45), and impose a $40 court security fee pursuant to section 1458.8, a $30 criminal conviction assessment fee pursuant to Government Code section 70373, and a $10 crime prevention fee under section 1202.5.

## The sentencing hearing

On April 4, 2019, the court conducted the sentencing hearing and asked defense counsel if she had any comments on the probation report.

Defense counsel asked the court to "strike the fees" because defendant was "not going to be employable for the next year.He's going to be serving a sentence at 85 percent in the state prison. He has no money or means to pay the fees, and there's nothing in the [probation] report that would – he looks like he was employed, but he's not going to be employed for the next two years."

---

[3] On the same day, the court granted the People's motion to amend the complaint to allege count 6 only as to Rivera, charging her with unlawfully taking or driving a car (Veh. Code, § 10851). She pleaded no contest to count 6 for a stipulated term of one year and also admitted a probation violation, and the court dismissed count 1.

The prosecutor replied that it "may be possible for the Defendant to be employable while he is at CDC in custody" and the fees "can be collected by the state as part of his payment and be credited to the fees he owes to the court."

The court noted there were cases that held that if a defendant was "employable, then prison wages can go to pay the fees; and there's another case – which I know [defense counsel] had a case that said that said you've got to take into account his current financial ability, but there's a case that says you can look to the future financial ability with his employability."

The court stated that its "inclination at this time is [defendant] does have … he's had a job up through this point. He is employable, and since we can use the wages in prison, I'm inclined, at this point, to impose the fees, subject to him requesting at some point in the future a hearing on inability to pay if that actually arises."

The court sentenced defendant to the lower term of two years in prison for second degree robbery. The court followed the recommendations in the probation report and imposed the statutory minimum restitution fine of $300 (§ 1202.4, subd. (b)), suspended the $300 parole revocation fine (§ 1202.45), and reserved victim restitution (§ 1202.4, subd. (f)). The court also ordered defendant to pay a $40 court security fee (§ 1465.8), a criminal conviction assessment of $30 (Gov. Code, § 70373), and a crime prevention fee of $10 (§ 1202.5).

On April 22, 2019, defendant filed a timely notice of appeal.

## DISCUSSION

Defendant relies on *Dueñas* and argues the court improperly overruled his objections and imposed the restitution fine and fees in violation of his due process rights, and the orders must be stricken because he did not have the ability to pay these amounts. Defendant asserts that even if he could be expected to obtain a prison job to pay the fees, his two-year term did not give him sufficient time to cover these amounts before he

5.

would be released on parole.  Defendant argues that since he lacked the "present ability" to pay, the restitution fine must be stayed and the fees stricken.

*Dueñas*, which was decided three months before the sentencing hearing in this case, held that "[d]ue process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay" before it imposes any fines or fees.  (*Dueñas*, *supra*, 30 Cal.App.5th at pp. 1164, 1167; *People v. Castellano* (2019) 33 Cal.App.5th 485, 489–491.)**4**

We disagree with *Dueñas* and find the matter need not be remanded on this issue.  As we recently explained in *People v. Aviles* (2019) 39 Cal.App.5th 1055 (*Aviles*), *Dueñas* was wrongly decided and an Eighth Amendment analysis is more appropriate to determine whether restitution fines, fees, and assessments in a particular case are grossly disproportionate and thus excessive.  (*Aviles,* at pp. 1068–1072.)  Under that standard, the fines and fees imposed in this case are not grossly disproportionate to defendant's level of culpability and the harm he inflicted, and thus not excessive under the Eighth Amendment.  (*Aviles*, at p. 1072.)

Even if we agreed with *Dueñas* and *Castellano,* however, we would still reject defendant's constitutional claims and find any error arising from the court's failure to make an ability to pay finding was harmless beyond a reasonable doubt since defendant has the ability to pay the fines and fees imposed in this case.  (*Chapman v. California* (1967) 386 U.S. 18, 24; *People v. Jones* (2019) 36 Cal.App.5th 1028, 1030–1031; *Aviles, supra*, 39 Cal.App.5th at pp. 1075–1077.)

> " ' "Ability to pay does not necessarily require existing employment or cash on hand."  [Citation.]  "[I]n determining whether a defendant has the ability to pay a restitution fine, the court is not limited to considering a

---

**4** The California Supreme Court is currently considering whether trial courts must consider a defendant's ability to pay before imposing or executing fines, fees, and assessments; and if so, which party bears the applicable burden of proof.  (See *People v. Kopp* (2019) 38 Cal.App.5th 47, 94–98, review granted Nov. 13, 2019, S257844.)

defendant's *present* ability but may consider a defendant's ability to pay in the future." [Citation.] This include[s] the defendant's ability to obtain prison wages and to earn money after his release from custody. [Citation.]' " (*Aviles*, *supra*, 39 Cal.App.5th at p. 1076.)

We can infer from the instant record that defendant has the ability to pay the aggregate amount of fines and fees from probable future wages, including prison wages. (*Aviles, supra*, 39 Cal.App.5th at p. 1076; *People v. Douglas* (1995) 39 Cal.App.4th 1385, 1397; *People v. Ellis* (2019) 31 Cal.App.5th 1090, 1094.) There is nothing in the record to show that defendant would be unable to satisfy the total of $380 in fines and fees imposed by the court while serving his prison term from either prison wages or monetary gifts from family and friends during his prison sentence. (See, e.g., *People v. Lewis* (2009) 46 Cal.4th 1255, 1321; *People v. DeFrance* (2008) 167 Cal.App.4th 486, 505; *People v. Potts* (2019) 6 Cal.5th 1012, 1056–1057.)

## DISPOSITION

The judgment is affirmed.