Filed 5/5/21  P. v. Jimenez CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DAVID ISSAC JIMENEZ,<br><br>    Defendant and Appellant. | F079434<br><br>(Fresno Super. Ct. Nos. F19901401 & F19901201)<br><br>**OPINION** |

-ooOoo-

<u>**THE COURT**</u>*

APPEAL from a judgment of the Superior Court of Fresno County.  Wayne R. Ellison, Judge.  (Retired Judge of the Fresno Sup. Ct. assigned by the Chief Justice pursuant to article VI, § 6 of the Cal. Const.)

Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Michael A. Canzoneri, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

* Before Levy, Acting P.J., Poochigian, J. and Detjen, J.

# INTRODUCTION

Appellant and defendant David Issac Jimenez was sentenced to prison in two cases, ordered to pay restitution fines, fees, and assessments, and his defense attorney did not object. On appeal, defendant argues his trial attorney was prejudicially ineffective for failing to object to the court's imposition of the fines and fees based on his inability to pay, as set forth in *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). We affirm.

## FACTS[1]

### Case No. F19901401

On August 28, 2018, the victim's home in Fresno was burglarized and two key fobs to her vehicle were taken.

On August 30, 2018, the victim reported that her 2015 Acura had been stolen from her home in Fresno, it was valued at approximately $30,000, and the key fobs had been taken in the prior burglary.

On August 31, 2018, officers recovered the stolen vehicle. There were no occupants, and the vehicle was not damaged.

Defendant's fingerprints were found on the driver's door and window, and a warrant was issued for his arrest.

### Case No. F19901201

In January 2019, a resident reported to the police department that his home had been burglarized. The home had been tented for fumigation, and someone cut open the tent, entered the house, and stole a Sony PlayStation 4, valued at approximately $1,000, and miscellaneous jewelry valued at approximately $1,000.

Defendant's fingerprints were found on the bathroom window that was determined to be the point of entry into the house, and another arrest warrant was issued.

---

[1] The facts are from the summary of the police reports contained in the probation report.

**Defendant's arrest**

On February 9, 2019, defendant was located and arrested, and booked into jail in case No. F19901201.

On February 28, 2019, defendant was arrested in case No. F19901201.

**The charges**

On February 20, 2019, a complaint was filed in case No. F19901201, charging defendant with count 1, first degree residential burglary (Pen. Code, §§ 459, 460, subd. (a)),[2] with four prior prison term enhancements (§ 667.5, subd. (b)).

On February 26, 2019, appellant was charged in case No. F19901401 with felony receiving stolen property, a motor vehicle (§ 496d, subd. (a)), with two prior convictions for vehicle theft (Veh. Code, §10851) and theft (§496d) within the meaning of section 666.5, and five prior prison term enhancements (§ 667.5, subd. (b)).

**Plea proceedings**

On April 26, 2019, defendant entered into a negotiated disposition and pleaded no contest to first degree residential burglary in case No. F19901201 and no contest to felony receiving stolen property in case No. F19901401, for a maximum possible sentence of six years for both cases.

The court granted the prosecution's motion to dismiss the remaining allegations with waivers pursuant to *People v. Harvey* (1979) 25 Cal.3d 754.  As to two unrelated cases, the parties agreed that a pending case against defendant would be dismissed and that an uncharged case would not be filed.[3]

---

[2] All further statutory citations are to the Penal Code unless otherwise indicated.

[3] Defendant's signed change-of-plea forms stated he was entering pleas in both cases pursuant to *People v. West* (1970) 3 Cal.3d 595.  A *West* plea is "a plea of nolo contendere, not admitting a factual basis for the plea."  (*In re Alvernaz* (1992) 2 Cal.4th 924, 932.)  At the plea hearing, however, the parties stipulated there was a factual basis for the pleas based on the police reports.

**Sentencing hearing**

On May 24, 2019, the court denied probation and sentenced defendant to an aggregate term of four years eight months in prison, based on the midterm of four years for residential burglary plus a consecutive midterm of eight months (one-third the midterm) for receiving stolen property.

In each case, the court imposed a restitution fine of $1,500 (§ 1202.4, subd. (b)) and suspended the parole revocation fine in the same amount. (§ 1202.45.) The court ordered victim restitution subject to proof. (§ 1202.4, subd. (f).) Also, as to each case, the court imposed a $40 court security fee (§ 1465.8) and a $30 court security fee (Govt. Code, § 70373.) Defendant did not object to the fines and fees.

On June 10, 2019, defendant filed timely notices of appeal in both cases.

**Section 1237.2**

On September 11, 2019, appellate counsel filed a letter with the trial court pursuant to section 1237.2 and requested to stay the restitution fines and reverse the fees and assessments imposed in both cases, because he lacked the ability to pay those amounts based on *Dueñas*.

On September 18, 2019, the trial court denied the request.

## DISCUSSION

Defendant argues his defense attorney was prejudicially ineffective for failing to raise an ability to pay objection to the court's imposition of the restitution fines and fees based on the *Dueñas* case, which was decided in January 2019, four months before the sentencing hearing was held in this case. (*Dueñas, supra,* 30 Cal.App.5th 1157.) Defendant asserts counsel should have been aware of *Dueñas*, and his failure to object cannot be considered any type of tactical decision.

Defendant further argues counsel's failure to object was prejudicial based on information in the probation report that defendant was unemployed, he had no source of income, counsel was appointed to represent him because he was indigent, and he was

4.

being sentenced to prison and asserts there was a "significant chance" the court would have stayed the restitution fines and reversed the fees.

*Dueñas* held that "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay" before it imposes any fines or fees. (*Dueñas, supra*, 30 Cal.App.5th at pp. 1164, 1167.)[4]

We disagree with the holding in *Dueñas*. As explained in *People v. Aviles* (2019) 39 Cal.App.5th 1055 (*Aviles*), we believe *Dueñas* was wrongly decided and an Eighth Amendment analysis is more appropriate to determine whether restitution fines, fees, and assessments in a particular case are grossly disproportionate and thus excessive. (*Aviles*, at pp. 1068–1072.) Under that standard, the fines and fees imposed in this case are not grossly disproportionate to defendant's level of culpability and thus not excessive under the Eighth Amendment. (*Aviles*, at p. 1072.)

As to defendant's ineffective assistance claim, "[t]o show ineffective assistance, defendant must show that 'counsel's performance was deficient, and that the defendant was prejudiced, that is, there is a reasonable probability the outcome would have been different were it not for the deficient performance.' [Citations.] 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " (*People v. Woodruff* (2018) 5 Cal.5th 697, 761–762.)[5]

Even if we agreed with *Dueñas,* defense counsel's failure to object was not prejudicial because defendant has the ability to pay the fines, fees, and assessments over

---

[4] The California Supreme Court is currently considering whether trial courts must consider a defendant's ability to pay before imposing or executing fines, fees, and assessments; and if so, which party bears the applicable burden of proof. (See *People v. Kopp* (2019) 38 Cal.App.5th 47, 94–98, review granted Nov. 13, 2019, S257844.)

[5] We note that even if trial counsel was unaware of the *Dueñas* ruling, he had the statutory right to object to the $1,500 restitution fines imposed in both cases because the amounts exceeded the statutory minimum, and also could have used the same motion to object to the fees and assessments. (*Aviles, supra*, 39 Cal.App.5th at pp. 1073–1074; *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1154.)

the course of his prison sentence. (*Aviles, supra*, 39 Cal.App.5th at pp. 1075–1077.)
" ' "Ability to pay does not necessarily require existing employment or cash on hand."
[Citation.] "[I]n determining whether a defendant has the ability to pay a restitution fine,
the court is not limited to considering a defendant's *present* ability but may consider a
defendant's ability to pay in the future." [Citation.] This include[s] the defendant's
ability to obtain prison wages and to earn money after his release from custody.
[Citation.]' [Citations.]" (*Aviles, supra*, 39 Cal.App.5th at p. 1076.)

We can infer from the instant record that defendant has the ability to pay the
aggregate amount of fines and fees from probable future wages, including prison wages.
(*Aviles, supra*, 39 Cal.App.5th at p. 1076; *People v. Ellis* (2019) 31 Cal.App.5th 1090,
1094; *People v. Douglas* (1995) 39 Cal.App.4th 1385, 1397.) In addition, there is
nothing in the record to show that defendant would be unable to satisfy the fine and fees
imposed by the court while serving his prison term, even if he fails to obtain a prison job.
While it may take defendant some time to pay the amounts imposed in this case, that
circumstance does not support his inability to make payments on these amounts from
either prison wages or monetary gifts from family and friends during his prison sentence.
(See, e.g., *People v. Potts* (2019) 6 Cal.5th 1012, 1055–1057; *People v. Lewis* (2009) 46
Cal.4th 1255, 1321; *People v. DeFrance* (2008) 167 Cal.App.4th 486, 505.)

We thus conclude that based on the record before this court, defendant has the
ability to pay the fines and fees, and counsel's failure to object was not prejudicial.

## **DISPOSITION**

The judgment is affirmed.