Filed 5/12/21  P. v. Williams CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>RANDEE WILLIAMS,<br><br>    Defendant and Appellant. | F079526<br><br>(Kern Super. Ct. No. SF018186B)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Brian M. McNamara, Judge.

Jonathan D. Roberts, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P.J., Poochigian, J. and Detjen, J.

## INTRODUCTION

Appellant and defendant Randee Williams, a state prison inmate, was sentenced to the second strike term of four years after assaulting another inmate. On appeal, his appellate counsel filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) In response to our request, defendant filed additional briefing on the potential application of *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*) to the restitution fine and fees imposed in this case. We affirm.

## FACTS

Around 8:13 a.m. on February 1, 2014, Correctional Officer Angel Mata was on duty at the special housing unit for inmates with physical and mental disabilities at Wasco State Prison, as the inmates were released from the morning meal. As inmate Powell walked to his cell, inmate Espritt swung his wooden cane at Powell and hit him on the head. Powell turned around and grabbed Espritt's cane, and the two men fought over it.

Defendant was sitting about 15 feet away from the two men. As they fought over the cane, defendant got up, ran towards them, and punched Powell from behind on the right side of his head. Defendant hit Powell multiple times with a closed fist. Powell tried to defend himself and dropped the cane. He swung back and hit defendant and Espritt. Defendant and Espritt kept hitting Powell in the head and torso. Inmate Poke arrived in his wheelchair and started to hit Powell in the torso with both hands.

Officer Mata ordered all the inmates to get down when the fight began, but they ignored the order. After Mata repeated the order several times, the inmates eventually complied, backed away from each other, and got down. Powell was bleeding from his right eyebrow. Powell was advised by medical personnel that he should get sutures to close the wound, that was approximately 1.4 inches long, but he declined. The entire incident lasted about a minute and a half.

2.

# PROCEDURAL BACKGROUND

On February 10, 2016, an amended information was filed that charged Espritt with count 1, assault with a deadly weapon on Powell while in state prison (Pen. Code, § 4501).[1]  In count 2, defendant, Espritt, and Poke were charged with assault by means of force likely to produce great bodily injury on Powell while in state prison (*ibid.*).  As to defendant, it was alleged that he personally inflicted great bodily injury (§ 12022.7), and had five prior strike convictions, three prior serious felony enhancements, and three prior prison term enhancements.

## Plea

On April 24, 2019, defendant pleaded no contest to count 2, assault by means of force likely to produce great bodily injury on Powell while in state prison, as a nonstrike offense.  He admitted four prior strike convictions with the understanding that the court would strike three of the strikes at the sentencing hearing and impose a second strike term.  The court granted the People's motion to dismiss the remaining allegations.

## Sentence

On May 22, 2019, the court conducted the sentencing hearing and dismissed three prior strike convictions pursuant to section 1385 and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.  The court imposed the lower term of two years, doubled to four years as the second strike term, to run fully consecutive to the term he was already serving in Los Angeles Superior Court case No. BA400718.

The court imposed the minimum restitution fine of $300 (§ 1202.4, subd. (b)) and suspended the parole revocation fine of $300 (§ 1202.45).  It also imposed a court security fee of $40 fee (§ 1465.8), and a criminal conviction assessment of $30 (Gov. Code, § 70373).

On June 24, 2019, defendant filed a timely notice of appeal.

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

3.

## DISCUSSION

As noted above, defendant's counsel filed a *Wende* brief with this court. The brief also included the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on April 3, 2020, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we requested further briefing from the parties on the potential application of *Dueñas* to this case. Defendant argues the judgment must be vacated and the matter remanded for the trial court to conduct a hearing as to whether he has the ability to pay the restitution fine and fees. The Attorney General has not filed a responsive brief.

### Section 1237.2

While this case was pending on appeal, appellate counsel wrote to the trial court and requested an order to stay the restitution fines, and for the other fees to be stricken, pursuant to *Dueñas*. The superior court did not respond to the letter.

"Section 1237.2 requires a defendant to first file a motion for correction in the trial court before appealing 'the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs.' This section, however, applies only to cases where the issues of 'fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal.' (§ 1237.2) Thus, when a defendant raises at least one other issue on appeal, he or she need not first file a motion in the trial court to correct the imposition or calculation of penalty assessments or fines. Instead, he or she can include those claims with the other contentions raised in the appeal." (*People v. Jordan* (2018) 21 Cal.App.5th 1136, 1140–1141.)

Assuming the trial court did not act on defendant's request, we have the ability to consider his claim since section 1237.2 merely requires that the defendant "first present[] the claim in the trial court," and he complied with the statute. (See, e.g., *People v. Hall* (2019) 39 Cal.App.5th 502, 504.)

4.

**Dueñas**

*Dueñas* held that "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay" before it imposes any fines or fees. (*Dueñas, supra*, 30 Cal.App.5th at pp. 1164, 1167.)[2]

We disagree with the holding in *Dueñas* and find the matter need not be remanded on this issue. As explained in *People v. Aviles* (2019) 39 Cal.App.5th 1055 (*Aviles*), we believe *Dueñas* was wrongly decided and an Eighth Amendment analysis is more appropriate to determine whether restitution fines, fees, and assessments in a particular case are grossly disproportionate and thus excessive. (*Aviles*, at pp. 1068–1072.) Under that standard, the fines and fees imposed in this case are not grossly disproportionate to defendant's level of culpability and thus not excessive under the Eighth Amendment. (*Aviles*, at p. 1072.)

Next, to the extent *Dueñas* applies to this case, the court imposed the minimum restitution fine of $300, and defendant lacked the statutory authority to object under the governing law at the time of his sentencing hearing and has not forfeited review of the issue. (Cf. *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153–1154.)[3]

In any event, even if we agreed with *Dueñas*, we would still reject defendant's constitutional claims and find any error arising from the court's failure to make an ability to pay finding was harmless since defendant has the ability to pay the fines and fees imposed in this case. (*Chapman v. California* (1967) 386 U.S. 18, 24; *Aviles, supra*, 39

---

[2] The California Supreme Court is currently considering whether trial courts must consider a defendant's ability to pay before imposing or executing fines, fees, and assessments; and if so, which party bears the applicable burden of proof. (See *People v. Kopp* (2019) 38 Cal.App.5th 47, 94–98, review granted Nov. 13, 2019, S257844.)

[3] Having found defendant did not forfeit review of this issue, we need not reach his alternate argument that defense counsel was prejudicially ineffective for failing to object to the restitution fine and fees at the sentencing hearing.

Cal.App.5th at pp. 1075–1077; *People v. Jones* (2019) 36 Cal.App.5th 1028, 1030–1031.)

" ' "Ability to pay does not necessarily require existing employment or cash on hand." [Citation.] "[I]n determining whether a defendant has the ability to pay a restitution fine, the court is not limited to considering a defendant's *present* ability but may consider a defendant's ability to pay in the future." [Citation.] This include[s] the defendant's ability to obtain prison wages and to earn money after his release from custody. [Citation.]' [Citations.]" (*Aviles, supra*, 39 Cal.App.5th at p. 1076.)

We can infer from the instant record that defendant has the ability to pay the aggregate amount of fines and fees from probable future wages, including prison wages. (*Aviles, supra*, 39 Cal.App.5th at p. 1076; *People v. Ellis* (2019) 31 Cal.App.5th 1090, 1094; *People v. Douglas* (1995) 39 Cal.App.4th 1385, 1397.) There is nothing in the record to show that defendant would be unable to satisfy the fine and fees imposed by the court while serving his prison term, even if he fails to obtain a prison job. While it may take defendant some time to pay the amounts imposed in this case, that circumstance does not support his inability to make payments on these amounts from either prison wages or monetary gifts from family and friends during her prison sentence. (See, e.g., *People v. Potts* (2019) 6 Cal.5th 1012, 1055–1057; *People v. Lewis* (2009) 46 Cal.4th 1255, 1321; *People v. DeFrance* (2008) 167 Cal.App.4th 486, 505.)

Defendant argues the record implies his inability to pay since he was represented by appointed counsel at trial. Section 987.8 provides that a court may order a defendant to reimburse the government for the costs of court-appointed counsel if the defendant has the ability to repay such amount. (§ 987.8, subds. (b), (c)(1).) "[T]here is 'a presumption under the statute that a defendant sentenced to prison does not have the ability to reimburse defense costs.' [Citation.] To rebut this presumption, there must be 'unusual circumstances.' [Citation.] And the court 'must make an express finding of unusual

6.

circumstances before ordering a state prisoner to reimburse his or her attorney.' [Citations.]" (*People v. Rodriguez* (2019) 34 Cal.App.5th 641, 646.)

Section 987.8 carries a specific statutory presumption that a defendant sentenced to more than one year in prison or county jail does not have the ability to reimburse defense costs. Such a statutory presumption does not apply to whether he had the ability to pay the statutorily mandated restitution fine and fees. (§ 987.8, subd. (g)(2)(B); *Aviles, supra*, 39 Cal.App.5th at pp. 1074–1075; *People v. Rodriguez, supra,* 34 Cal.App.5th at p. 646.)

## DISPOSITION

The judgment is affirmed.