Filed 1/14/19; pub. order 2/1/19 (see end of opn.)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. VICTOR LEE ELLIS, Defendant and Appellant. | D074710 (Super. Ct. Nos. FWV1003144, SCR50702, VCR6638) |

APPEAL from an order of the Superior Court of San Bernardino County, Katrina West, Judge. Affirmed.

Renée Paradis, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

The instant case requires us to interpret Penal Code[1] section 2085.5, subdivision (a). That subdivision allows the California Department of Corrections and Rehabilitation (CDCR) to deduct a portion of an inmate's prison wages if that inmate owes a restitution fine under certain enumerated statutes. (See § 2085.5, subd. (a).)

In 1992, Victor Lee Ellis was sentenced to prison for seven years and was accessed a fine under section 1202.4, which qualified for garnishment under section 2085.5, subdivision (a). In 1999, Ellis finished serving his prison sentence.

Ellis returned to prison in 2011. Under section 2085.5, subdivision (a), the CDCR resumed deducting a portion of Ellis's prison wages based on the fine arising out of his 1992 crime. Ellis now maintains the CDCR does not have authority to garnish his prison wages under section 2085.5, subdivision (a) because he no longer is in custody for the 1992 crime.

We disagree with Ellis's reading of section 2085.5, subdivision (a). As such, we affirm the superior court's order denying Ellis's motion challenging the deduction of his prison wages.

FACTUAL AND PROCEDURAL BACKGROUND

On December 14, 1992, in case number VCR6638, Ellis pled guilty to second degree robbery and admitted he had a prior serious felony conviction. The court sentenced Ellis to prison for seven years. As part of the sentence, the court imposed a $5,000 restitution fine under section 1202.4. Ellis represents that he completed his

---

1       Statutory references are to the Penal Code unless otherwise specified.

sentence and was discharged no later than 1999. The People do not dispute this representation.

On April 26, 2011, Ellis pled no contest to one count of robbery (§ 211). He also admitted he had one prior strike conviction (§§ 667, subds. (b)-(i); 1170.12, subds. (a)-(d)) and one prior serious felony conviction (§ 667.5, subd. (b)). Consistent with a plea agreement, the court sentenced Ellis to prison for 15 years.

Six years later, Ellis filed a pleading entitled "Motion to Vacate Restitution." In that motion, he argued the CDCR could not withdraw funds from his trust account because he had finished serving his prison term on case number VCR6638. The trial court issued a minute order denying the motion. Ellis timely appealed.

## DISCUSSION

Here, we must determine whether section 2085.5, subdivision (a) allows the CDCR to withdraw funds from Ellis's trust account to pay a restitution fine when he is no longer serving the prison sentence for the crime on which the restitution fee was based. We conclude the subdivision allows the CDCR to continue to deduct a portion of Ellis's prison wages until the restitution is paid.

The interpretation of a statute is a question of law, subject to de novo review. (*Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1332.) " 'As in any case involving statutory interpretation, our fundamental task is to determine the Legislature's intent so as to effectuate the law's purpose.' " (*People v. Cole* (2006) 38 Cal.4th 964, 974-975; *People v. Murphy* (2001) 25 Cal.4th 136, 142.) We examine the statutory language and give it a plain and commonsense meaning. (*Cole*, *supra*, at p. 975.) If the statutory

3

language is unambiguous, then the plain meaning controls.  (*Ibid.*)  It is only when the language supports more than one reasonable construction that we may look to extrinsic aids like legislative history and ostensible objectives.  (*Ibid.*; *In re Young* (2004) 32 Cal.4th 900, 906.)

Section 2085.5, subdivision (a) states:

> "If a prisoner owes a restitution fine imposed pursuant to subdivision (a) of Section 13967 of the Government Code, as operative prior to September 29, 1994, subdivision (b) of Section 730.6 of the Welfare and Institutions Code, or subdivision (b) of Section 1202.4 of this code, the secretary shall deduct a minimum of 20 percent or the balance owing on the fine amount, whichever is less, up to a maximum of 50 percent from the wages and trust account deposits of a prisoner, unless prohibited by federal law, and shall transfer that amount to the California Victim Compensation Board for deposit in the Restitution Fund.  The amount deducted shall be credited against the amount owing on the fine.  The sentencing court shall be provided a record of the payments."

Under the subdivision, the CDCR has the authority to deduct a portion of an inmate's wages (20 to 50 percent) if that inmate owes a restitution fine imposed under certain enumerated statutes.  Here, Ellis does not dispute that he owes a fine that was imposed under section 1202.4, one of the enumerated statutes in section 2085.5, subdivision (a).  Nor does he dispute that he is currently an inmate in a California state prison.  However, Ellis insists that section 2085.5, subdivision (a) does not apply to him because he is no longer serving the prison sentence for the crime under which the subject fine was imposed.  We disagree.

Section 2085.5 "is akin to a garnishment statute; it calls for deductions from an inmate's wages and trust account deposits of 20 percent or the amount of restitution

4

outstanding, whichever amount is less (and in no case to exceed a 50 percent deduction), in order to enforce a restitution fine or order." (*In re Betts* (1998) 62 Cal.App.4th 821, 825.) Section 2085.5, subdivision (a) contains two prerequisites to its application. First, it only applies to prisoners. Second, the prisoner must owe a restitution fine imposed pursuant to subdivision (a) of section 13967 of the Government Code, as operative prior to September 29, 1994, subdivision (b) of section 730.6 of the Welfare and Institutions Code, or subdivision (b) of section 1202.4. The subdivision restricts the amount the CDCR can deduct. Also, it will not allow the CDCR to deduct any amount if such a deduction is prohibited by federal law. After the CDCR deducts a portion of the inmate's prison wages, the subdivision instructs the CDCR where it is to transfer those deductions (i.e., to the California Victim Compensation Board for deposit in the Restitution Fund). There are no other restrictions on the CDCR's authority to garnish prison wages present in the text of subdivision (a) of section 2085.5.

Nevertheless, Ellis argues that he no longer falls under section 2085.5, subdivision (a). He claims that the subdivision "refers implicitly to the *imposition* of a fine and not to any prior outstanding balances; the plain language of the statute thus indicates that CDCR is not entitled to collect on an old fine connected to a prior term of imprisonment." Similarly, he asserts "[s]ection 2085.5 by its plain meaning only empowers the [CDCR] to collect fines connected with the current convictions of a prisoner." Yet, Ellis does little more than make these assertions to support his position. In reviewing the plain text of subdivision (a) of section 2085.5, we see no restriction that limits the CDCR's authority in the manner Ellis suggests. Again, the only prerequisites

5

under the statute are that Ellis be an inmate in a California correctional facility and he owe money on a restitution fine imposed under one of a few enumerated statutes (here, section 1202.4). The fact that he is no longer serving his sentence associated with the offense that gave rise to the subject restitution fine is not of the moment. Indeed, there is no language in the statute that provides the restriction that Ellis asks us to impose. Moreover, it is not the province of this court to insert words or add provisions to an unambiguous statute. (*Hudson v. Superior Court* (2017) 7 Cal.App.5th 1165, 1172.)

In short, if Ellis still owes a portion of a qualifying fine and is an inmate in a California prison, the CDCR can deduct a portion of his prison wages under section 2085.5, subdivision (a). Because Ellis possesses those two qualifications, the superior court did not err in denying his motion

DISPOSITION

The order is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

AARON, J.

DATO, J.

6

**CERTIFIED FOR PUBLICATION**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>VICTOR LEE ELLIS,<br><br>    Defendant and Appellant. | D074710<br><br><br>(Super. Ct. Nos. FWV1003144,<br>SCR50702, VCR6638)<br><br><br>ORDER CERTIFYING OPINION<br>FOR PUBLICATION |

THE COURT:

The opinion in this case filed January 14, 2019, was not certified for publication. It appearing the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), the request pursuant to rule 8.1120(a) for publication is GRANTED.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and

ORDERED that the words "Not to Be Published in the Official Reports" appearing on page one of said opinion be deleted and the opinion herein be published in the Official Reports.

HUFFMAN, Acting P. J.

Copies to:  All parties