Filed 9/24/20  P. v. Garcia CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DANNY GARCIA,<br><br>    Defendant and Appellant. | F078833<br><br>(Kings Super. Ct. No. 17CMS0702)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Michael J. Reinhart, Judge.

Gregory L. Cannon, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Lewis A. Martinez, and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P.J., Poochigian, J. and Detjen, J.

## INTRODUCTION

Appellant/defendant Danny Garcia pleaded no contest to second degree murder and was sentenced to 15 years to life. On appeal, he argues the court improperly ordered him to pay a $10,000 restitution fine and other fees without determining his ability to pay in violation of his constitutional right to due process under *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). We affirm.

## FACTS[1]

On April 8, 2017, "the defendant was driving a motor vehicle. There [were] signs of intoxication from his driving pattern. The California Highway Patrol tried to pull over the defendant's vehicle. There was a prolonged chase. At the conclusion of that chase the defendant's vehicle struck another motor vehicle [and the] driver, Natividad Salinas … was killed by the collision. The defendant's blood alcohol was .11 [percent] by breath. And the evidence would show that the defendant was aware that the natural and probable consequences of driving [under the influence] are dangerous to human life," and previously acknowledged the dangerousness of driving under the influence.

## PROCEDURAL HISTORY

On April 10, 2017, a felony complaint was filed that charged defendant with murder, seven other offenses, and prior conviction allegations. Defendant pleaded not guilty.

On May 18, 2017, defendant privately retained Larry Lee to represent him.

On January 16, 2018, the preliminary hearing was held, and defendant was held to answer.

---

[1] At the plea hearing, the parties stipulated to the preliminary hearing evidence as the factual basis, and if the case went to trial, the prosecution would introduce the following evidence.

On January 24, 2018, the information was filed that charged defendant with count 1, murder (Pen. Code, § 187, subd. (a));[2] count 2, gross vehicular manslaughter while intoxicated (§ 191.5, subd. (a)); count 3, driving under the influence causing injury (Veh. Code, § 23153, subd. (a)); count 4, driving with a 0.08 percent blood-alcohol content causing injury (Veh. Code, § 23153, subd. (b)); count 5, evading a pursuing officer causing death (Veh. Code, § 2800.3, subd. (b)); count 6, hit and run resulting in death or serious injury (Veh. Code, § 20001, subd. (b)(2)); and count 7 and 8, misdemeanor hit and run resulting in property damage (Veh. Code, § 20002, subd. (a)).

As to counts 3 and 4, the information alleged that defendant drove at an excessive speed (Veh. Code, § 23582). It was further alleged defendant had one prior strike conviction, one prior serious felony conviction enhancement (§ 667, subd. (a)), and one prior prison term enhancement (§ 667.5, subd. (b)).

**Plea proceedings**

On November 2, 2018, defendant appeared with Mr. Lee and pleaded no contest to second degree murder pursuant to a negotiated disposition that he would be sentenced to 15 years to life. The court granted the People's motion to dismiss the remaining charges and special allegations. The People dismissed the prior strike allegation independently of the plea agreement because it was determined to be invalid.

**Sentencing hearing**

On December 11, 2018, defendant appeared for the sentencing hearing with Mr. Lee. The court sentenced him to 15 years to life in prison, consistent with the negotiated disposition. The court imposed a restitution fine of $10,000 (§ 1202.4, subd. (b)) and stayed the parole revocation fine of $10,000 (§ 1202.45). It ordered victim restitution of $5,699.44 to reimburse the victim's compensation fund (§ 1202.4, subd. (f)) and reserved jurisdiction for further victim restitution. It also imposed a $40 court security fee

---

[2] All further statutory citations are to the Penal Code unless otherwise indicated.

3.

(§ 1465.8), a $30 criminal conviction assessment (Gov. Code, § 70373), and booking fees of $147 (Gov. Code, § 29550.2; § 1463.7).

On February 11, 2019, defendant filed a notice of appeal.

## Postjudgment motion

On May 9, 2019, defendant's appellate counsel filed a motion with the superior court for "Correction of Fines and Penalty Assessments" pursuant to section 1237.2, and argued the court improperly imposed the restitution fine, fees, and assessments without finding that he had the ability to pay those amounts under *Dueñas,* he was indigent, and requested the court conduct a hearing on the issue.[3]

On July 15, 2019, the superior court denied the motion and found defendant waived the issue by failing to object.

## DISCUSSION

Defendant raises one issue on appeal. He argues the court improperly imposed the $10,000 restitution fine (§ 1202.4, subd. (b)) and the other fees and assessments in violation of his due process rights because he is indigent and lacks the ability to pay these amounts pursuant to *Dueñas*. Defendant asserts the restitution fine must be stayed, and the fees and assessments reversed. In the alternative, he requests remand for the superior court to conduct a hearing on his ability to pay.

Defendant's due process argument is based on *Dueñas*, which was decided after his sentencing hearing and while this appeal was pending. *Dueñas* held that "[d]ue process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay" before it imposes any fines or fees. (*Dueñas*, *supra*, 30 Cal.App.5th at pp. 1164, 1167.)[4]

---

[3] The opinion in *Dueñas* was filed on January 8, 2019, after the sentencing hearing. (*Dueñas*, *supra*, 30 Cal.App.5th 1157.)

[4] The California Supreme Court is currently considering whether trial courts must consider a defendant's ability to pay before imposing or executing fines, fees, and

We disagree and find the matter need not be remanded on this issue. As we recently explained in *People v. Aviles* (2019) 39 Cal.App.5th 1055 (*Aviles*), *Dueñas* was wrongly decided and an Eighth Amendment analysis is more appropriate to determine whether restitution fines, fees, and assessments in a particular case are grossly disproportionate and thus excessive. (*Aviles, supra*, at pp. 1068–1072.) Under that standard, the fines and fees imposed in this case are not grossly disproportionate to defendant's level of culpability and the harm he inflicted, and thus not excessive under the Eighth Amendment. (*Id*. at p. 1072.)

More importantly, even if *Dueñas* applied to this case, defendant has forfeited any challenge to his alleged inability to pay the fines, fees, and assessments. Defendant argues he did not forfeit review of the *Dueñas* issues because the case had not yet been decided at the time of his sentencing hearing and defense counsel could not have anticipated it. In this case, however, the court ordered him to pay a restitution fine of $10,000 under section 1202.4, subdivision (b). When the court imposes a restitution fine greater than the $300 statutory minimum amount, "[s]ection 1202.4 expressly contemplates an objection based on inability to pay." (*People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153 (*Frandsen*); *Aviles, supra*, 39 Cal.App.5th at p. 1073.)

While *Dueñas* had not been decided at the time of defendant's sentencing hearing, defendant had the statutory right to object to the $10,000 restitution fine and demonstrate his alleged inability to pay, and such an objection "would not have been futile under governing law at the time of his sentencing hearing. [Citations.]" (*Frandsen, supra*, 33 Cal.App.5th at p. 1154; *Aviles, supra*, 39 Cal.App.5th at pp. 1073–1074.) In addition, any objections to the assessments imposed under section 1465.8 and Government Code section 70373 would not have been futile. "Although both statutory provisions mandate

assessments; and if so, which party bears the applicable burden of proof. (See *People v. Kopp* (2019) 38 Cal.App.5th 47, 94–98, review granted Nov. 13, 2019, S257844.)

the assessments be imposed, nothing in the record of the sentencing hearing indicates that [the defendant] was foreclosed from making the same request that the defendant in *Dueñas* made in the face of those same mandatory assessments. [The defendant] plainly could have made a record had his ability to pay actually been an issue. Indeed, [he] was obligated to create a record showing his inability to pay the … restitution fine, which would have served to also address his ability to pay the assessments." (*Frandsen, supra*, 33 Cal.App.5th at p. 1154; *Aviles, supra*, 39 Cal.App.5th at p. 1074.)[5]

Finally, even if defendant did not forfeit the issue, any error under *Dueñas* is necessarily harmless since defendant has the ability to pay the fines, fees, and assessments over the course of his prison sentence. (*Aviles, supra*, 39 Cal.App.5th at pp. 1075–1077.)

> " ' "Ability to pay does not necessarily require existing employment or cash on hand." [Citation.] "[I]n determining whether a defendant has the ability to pay a restitution fine, the court is not limited to considering a defendant's *present* ability but may consider a defendant's ability to pay in the future." [Citation.] This include[s] the defendant's ability to obtain prison wages and to earn money after his release from custody. [Citation.]' [Citations.]" (*Aviles*, *supra*, 39 Cal.App.5th at p. 1076.)

We can infer from the instant record that defendant, who was represented by retained counsel throughout the proceedings, has the ability to pay the aggregate amount of fines and fees from probable future wages, including prison wages. (*Aviles, supra*, 39 Cal.App.5th at p. 1076; *People v. Douglas* (1995) 39 Cal.App.4th 1385, 1397; *People v.*

---

[5] Defendant's postjudgment motion to the superior court, dated May 19, 2019, does not excuse his failure to object to the $10,000 restitution fine and other fees at the sentencing hearing. Defendant's motion was required to perfect appellate review and comply with section 1237.2, which states that "[a]n appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing."

*Ellis* (2019) 31 Cal.App.5th 1090, 1094.)  There is nothing in the record to show that defendant would be unable to satisfy the fine and fees imposed by the court while serving his prison term, even if he fails to obtain a prison job.  While it may take defendant some time to pay the amounts imposed in this case, that circumstance does not support his inability to make payments on these amounts from either prison wages or monetary gifts from family and friends during his prison sentence.  (See, e.g., *People v. Lewis* (2009) 46 Cal.4th 1255, 1321; *People v. DeFrance* (2008) 167 Cal.App.4th 486, 505; *People v. Potts* (2019) 6 Cal.5th 1012, 1055–1057.)  We thus conclude that based on the record before this court, defendant has the ability to pay the fine and fees and any error under *Dueñas* is harmless.

## DISPOSITION

The judgment is affirmed.