Filed 5/7/21  P. v. Fuentes CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>YOLANDA FUENTES,<br><br>    Defendant and Appellant. | F081168<br><br>(Super. Ct. No. F20900409)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Heather Mardel Jones, Judge.

James Bisnow, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P.J., Poochigian, J. and Detjen, J.

# INTRODUCTION

Based on an incident that occurred in Fresno County in January 2020, defendant Yolanda Fuentes was charged with one count of felony child abuse, in violation of Penal Code section 273a, subdivision (a).[1,2] On March 19, 2020, in exchange for reduction of the charge to a misdemeanor, defendant pleaded no contest. The trial court suspended imposition of sentence and placed defendant on formal probation for four years. The court also imposed, over defendant's objection based on inability to pay, the minimum restitution fine of $150 under section 1202.4, subdivision (b)(1); a probation revocation restitution fine of $150 under section 1202.44, suspended; a court operations assessment of $40 under section 1465.8, subdivision (a)(1); and a court facilities assessment of $30 under Government Code section 70373, subdivision (a)(1). The court's order included a $50 payment plan fee, bringing the total amount of fines, fees, and assessments to $270.

On appeal and in reliance on the Court of Appeal's decision in *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), defendant seeks an order striking the fines, fees, and assessments imposed given her inability to pay them. She also seeks an order striking the unexplained $100 "component restitution fine." The People dispute defendant's entitlement to any relief. They argue that the restitution fine is not unconstitutionally excessive and does not violate due process, that any error in imposing the nonpunitive court assessments is harmless; and that the total fines, fees, and assessments amount of $270 is set forth in the record.

We reject defendant's claim of error entitling her to have $100 stricken from the fines, fees, and court assessments imposed. We also conclude that imposition of the $150 restitution fine does not violate the excessive fines clause and although we do not agree

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

[2] The facts underlying defendant's crimes are not relevant to the issues raised on appeal and therefore, we do not summarize them.

that *Dueñas* was correctly decided, even if we assume error, it is "harmless beyond a reasonable doubt." (*Chapman v. California* (1967) 386 U.S. 18, 24 (*Chapman*).) Therefore, we affirm the judgment.

## DISCUSSION

Defense counsel objected to the imposition of fines and court assessments based on defendant's inability to pay. The trial court stated that the fines and court assessments could not be suspended, but noted it did not impose the $250 crime prevention fee under section 1463.27, subdivision (a), or the $500 probation fee for domestic violence offenses under section 1203.097, subdivision (a). Relying on *Dueñas*, defendant now claims the trial court erred and requests the fines and assessments be stricken. She also requests we strike the "$100 component restitution fine" imposed without explanation.

Turing first to defendant's second argument, the trial court orally imposed fines, fees, and court assessments totaling $270, and placed defendant on a payment plan of $35 per month. The minute order reflects the following breakdown: a $150 restitution fine, a court security fee of $40, a conviction fee of $30, and a $50 payment plan fee, totaling $270. While we agree the court appears to have misspoken in part when it referred to a "$100 component restitution fine," the court's oral pronouncement of $270 in total, which included the minimum restitution fine of $150 and all penalty assessments and fees, was clear. The specific breakdown was then set forth in the accompanying minute order. Under these circumstances, defendant fails to show error either requiring correction or entitling her to an order striking $100 from the fines, fees, and assessments imposed. (*People v. Thompson* (2016) 1 Cal.5th 1043, 1097, fn. 11 ["On appeal, we assume a judgment is correct and the defendant bears the burden of demonstrating otherwise."].)

With respect to the merits of defendant's constitutional claim, *Dueñas* held that "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay" before it imposes any fines or fees.

3.

(*Dueñas*, *supra*, 30 Cal.App.5th at pp. 1164, 1167.) We disagree with the holding in *Dueñas* and find the matter need not be remanded for further findings. As explained in *People v. Aviles* (2019) 39 Cal.App.5th 1055 (*Aviles*), we believe *Dueñas* was wrongly decided and an Eighth Amendment analysis is more appropriate to determine whether restitution fines, fees, and assessments in a particular case are grossly disproportionate and thus excessive. (*Aviles*, *supra*, at pp. 1067–1072.) Under that standard, the fines, fees and assessments imposed in this case, which amount to less than $300, are not grossly disproportionate to defendant's level of culpability and the harm she inflicted, and thus not excessive under the Eighth Amendment. (*Aviles*, *supra*, at p. 1072; accord, *People v. Lowery* (2020) 43 Cal.App.5th 1046, 1057–1058 (*Lowery*).)

Even assuming arguendo that we agreed with *Dueñas*, we would still reject defendant's constitutional claims and find that because defendant has the ability to pay the fines, fees, and assessments imposed in this case, any error "was harmless beyond a reasonable doubt." (*Chapman*, *supra*, 386 U.S. at p. 24; accord, *Lowery*, *supra*, 43 Cal.App.5th at pp. 1060–1061; *Aviles*, *supra*, 39 Cal.App.5th at pp. 1075–1077; *People v. Jones* (2019) 36 Cal.App.5th 1028, 1035.) "'"Ability to pay does not necessarily require existing employment or cash on hand." [Citation.] "[I]n determining whether a defendant has the ability to pay a restitution fine, the court is not limited to considering a defendant's *present* ability but may consider a defendant's ability to pay in the future."'" (*Aviles*, *supra*, at p. 1076.)

We can infer from the instant record that defendant had the ability to pay the restitution fine, fees, and assessments mandated for her misdemeanor conviction from probable future wages. (*Lowery*, *supra*, 43 Cal.App.5th at pp. 1060–1061; *Aviles*, *supra*, 39 Cal.App.5th at pp. 1076–1077; *People v. Douglas* (1995) 39 Cal.App.4th 1385, 1397; *People v. Ellis* (2019) 31 Cal.App.5th 1090, 1094.) While the record reflects defendant was not employed at the time of sentencing, she lived with a family member prior to her arrest and planned to return to that residence, indicating stable housing; she was only 49

4.

years old; there was no indication she had any physical or mental limitations; the total amount owed was less than $300; and she was only required to pay $35 per month, beginning three months after her release from custody to allow, in the words of the trial court, defendant "some time to get [her] feet underneath [her]." (See, e.g., *People v. Potts* (2019) 6 Cal.5th 1012, 1056–1057; *People v. Lewis* (2009) 46 Cal.4th 1255, 1321; *People v. DeFrance* (2008) 167 Cal.App.4th 486, 505.) While it may take defendant time to pay the $270 imposed in this case, these circumstances do not suggest that defendant is unable to pay $35 per month. (*Lowery*, at pp. 1060–1061; *Aviles*, *supra*, at pp. 1076–1077.) Notably, defendant had the opportunity to make a contrary record pursuant to *Dueñas*, but did not do so. (*People v. Montes* (2021) 59 Cal.App.5th 1107, 1122 ["'[T]he evaluation of ability to pay must include future ability to pay,' and 'defendant bears the burden of proof on that issue.'"].)

## DISPOSITION

The judgment is affirmed.