Filed 5/21/21  P. v. Mitchell CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>LUCAS PETE MITCHELL,<br><br>    Defendant and Appellant. | F080741<br><br>(Tulare Super. Ct. No. PCF376534)<br><br><br>**OPINION** |

<u>**THE COURT**</u>*

APPEAL from a judgment of the Superior Court of Tulare County.  Michael B. Sheltzer, Judge.

Jean M. Marinovich, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta and Xavier Becerra, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kevin L. Quade and Catherine Chatman, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

* Before Levy, Acting P.J., Poochigian, J. and Detjen, J.

## INTRODUCTION

Appellant and defendant Lucas Pete Mitchell pleaded no contest pursuant to negotiated dispositions in two separate cases. The instant case was based on the sexual molestation of a minor victim for nearly two years, and the second case involved unlawful contact with another minor victim with intent to commit a sexual offense. Defendant was sentenced to an aggregate term of seven years four months in prison. He has filed separate notices of appeal.

In his appeal in this case, based on the sexual molestation of a minor, defendant contends the court lacked statutory authority to impose a particular fee; the abstract of judgment must be corrected as to the concurrent terms imposed in this case; the record must also be corrected as to the court's orders prohibiting contact between defendant and the minor victim in this case, and his defense attorney was prejudicially ineffective for failing to raise an ability to pay objection when the court ordered him to pay a restitution fine and other fees, as set forth in *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).

As will be explained, we will remand the matter for clarification of the orders prohibiting contact between defendant and the minor victim, correction of the record on other matters, and otherwise affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### Case No. PCF376534[1]

Defendant's convictions in the instant appeal were based on an investigation that began on February 14, 2019, when officers from the Porterville Police Department met with 15-year-old C.C., who reported that defendant (born 1993) sexually molested him for nearly two years. The victim said that he was between 13 and 14 years old when

---

**1** The following facts for case No. PCF376534 are from the preliminary hearing in the case, which the parties stipulated to for the factual basis for defendant's plea.

defendant initially contacted him on Facebook and made sexual overtures toward him. The victim said he was 14 years old when he first met defendant in 2017, and defendant drove him to an orchard, locked the car doors, and forced him to perform acts of oral copulation and sodomy. The victim said he met with defendant at least 15 to 20 times from 2017 to 2019, and they engaged in acts of oral copulation and sodomy "every time." Defendant once said that he wished they met and had sex when the victim was 10 years old.

### The charges

On March 14, 2019, the information was filed in case No. PCF376534, charging defendant with committing the following offenses against C.C. on or about and between April 20, 2017, and February 14, 2019: counts 1 through 6, sodomy of a person under 16 years by a person over the age of 21 years (Pen. Code, § 286, subd. (b)(2));[2] counts 7 through 12, oral copulation of a person under 16 years by a person over 21 years (§ 288a, subd. (b)(2)); counts 13 through 18, unlawful sexual conduct of a minor under 16 years by a person over 21 years (§ 261.5, subd. (d)); count 19, unlawfully and knowingly contacting a minor with the intent to commit a sexual offense (§ 288.3, subd. (a)); and count 20, meeting a person known to be a minor to engage in engage in lewd and lascivious behavior (§ 288.4, subd. (b)).

It was further alleged as to count 1 through 12 and 18 through 19, that defendant would be required to register as a sex offender (§ 290).

## Case No. PCF380527[3]

The second case against defendant began on September 1, 2017, when Officer Kirk of the Porterville Police Department met with 15-year-old D.R., who reported that

---

[2] All further statutory citations are to the Penal Code unless otherwise indicated.

[3] We take judicial notice of the appellate record before this court in *People v. Lucas Pete Mitchell*, F080746, which is defendant's appeal from the judgment in case

3.

about one month earlier, defendant contacted him on Facebook and proposed that they engage in sexual acts. The victim stated he did not previously know defendant, but they had mutual friends on Facebook. The victim deleted his Facebook page because defendant's messages were inappropriate and made him feel uncomfortable; he created a new Facebook page.

The victim stated that on August 31, 2017, defendant contacted him on his new Facebook page and asked how old he was. The victim replied that he was 15 years old. Defendant said he was 23 years old and proposed that they should engage in various sexual acts and possibly invite another minor to join them. The victim decided to report the matter to the police.

Officer Kirk determined defendant was 23 years old and lived in Strathmore.

*The charges*

On June 17, 2019, the information was filed in case No. PCF380527, charging defendant with count 1, unlawfully and knowingly contacting a minor, D.R., with the intent to commit a sexual offense, on or about August 31, 2017, and that conviction of the offense would require him to register as a sex offender (§ 290).

## PLEA PROCEEDINGS

On August 15, 2019, defendant entered into a negotiated disposition as to both cases Nos. PCF380527 and PCF376534, for an aggregate indicated sentence of seven years four months.

---

No. PCF380527. The facts are from the preliminary hearing, which the parties stipulated to as the factual basis for his plea.

4.

First, the court granted the prosecution's motion to amend counts 7 and 10 in case No. PCF376534, to allege violations of section 287, subdivision (b)(2), oral copulation of a person under 16 years by a person over 21 years, committed against C.C.[4]

In case No. PCF376534, defendant pleaded no contest to committing the following offenses against C.C. on or about and between April 20, 2017, and February 14, 2019: counts 1, 2, and 4, sodomy of a person under the age of 16 years (§ 286, subd. (b)(2)); counts 7 and 10, sodomy of a person under the age of 16 years (§ 287, subd. (b)(2)); counts 13 and 16, unlawful sexual intercourse (§ 261.5, subd. (d)); count 19, unlawfully and knowingly contacting a minor with intent to commit a sexual offense (§ 288.3, subd. (a)); and count 20, meeting a minor for a lewd purpose (§ 288.4, subd. (b)), with mandatory registration as a sex offender and dismissal of the remaining charges, for an indicated sentence of seven years four months.

In case No. PCF380527, defendant pleaded no contest to the charged offense in count 1, unlawfully and knowingly contacting a minor, D.R., with the intent to commit a sexual offense (§ 288.3, subd. (a)), for an indicated term of 18 months to be served concurrently with the term imposed in case No. PCF376534, with mandatory registration as a sex offender.

On September 13, 2019, defendant filed a motion to withdraw his pleas in both cases and claimed he did not validly waive his constitutional rights because he was under the influence of medication. On November 7, 2019, the court conducted an evidentiary hearing and denied the motion.

**SENTENCING HEARING**

On December 10, 2019, the court conducted the sentencing hearing for both cases Nos. PCF376534 and PCR380537.

---

[4] Effective January 1, 2019, section 288a, subdivision (b)(2) was amended without substantive change and renumbered as section 287, subdivision (b)(2). (*People v. Sexton* (2019) 37 Cal.App.5th 457, 463, fn. 3.)

In the instant case No. PCF376534, the sexual molestation of C.C., the court imposed the indicated term of seven years four months based on the upper term of four years for count 13; consecutive terms of one year (one-third the midterm) for each of counts 16 and 20; and consecutive terms of eight months (one-third the midterm) for each of counts 2 and 7; with concurrent terms for the remaining counts 1, 4, 10 and 19.

Also, in the instant case No. PCF376534, concerning C.C., the court ordered defendant to register as a sex offender (§ 290). The court imposed a restitution fine of $10,000 (§ 1202.4, subd. (b)) and suspended the parole revocation fine of $10,000 (§ 1202.45), with victim restitution to remain open. It imposed a fine of $1,000 pursuant to section 294, subdivision (b); court operations assessments of $360 (§ 1465.8; $40 per conviction); and criminal conviction assessments of $270 (Gov. Code, § 70373; $30 per conviction). As we will discuss in issue III, *post*, the court imposed both a protective order and a stay-away order, prohibiting defendant from having contact with C.C.

In case No. PCF380527, involving D.R., the court imposed a concurrent term of 18 months (§ 288.3, subd. (a)). The court imposed a restitution fine of $300 (§ 1202.4, subd. (b)) and suspended the parole revocation fine of $300 (§ 1202.45), with victim restitution to remain open. The court also imposed a court operations assessment of $40 (§ 1465.8) and a criminal conviction assessment of $30 (Gov. Code, § 70373). As we will also discuss in issue III, *post*, the court appeared to impose a stay-away order prohibiting contact between defendant and D.R., but there is no mention of it in the minute order, abstract of judgment, or anywhere in the record.

On February 6, 2020, defendant filed separate notices of appeal in cases Nos. PCF380527 (F080746) and PCF376534 (F080741) and requested and received certificates of probable cause in both cases.

## DISCUSSION

### I. The Section 294, Subdivision (b) Fine Must be Stricken

Defendant contends, and the People agree, that the court improperly ordered defendant to pay a fine of $1,000 based on section 294, subdivision (b), which states:

> "Upon conviction of any person for a violation of Section 261, 264.1, 285, 286, 287, or 289 or former Section 288a, *where the violation is with a minor under the age of 14 years,* the court may, in addition to any other penalty or restitution fine imposed, order the defendant to pay a restitution fine based on the defendant's ability to pay not to exceed five thousand dollars ($5,000), upon a felony conviction …."  (Italics added.)

In the negotiated disposition, defendant pleaded no contest to committing nine counts on or about and between April 20, 2017, and February 14, 2019, against C.C., including violations of sections 286 and 287.  The parties stipulated to the preliminary hearing as the factual basis for defendant's pleas.  The evidence showed that the victim reported defendant initially contacted him on Facebook when he was 13 or 14 years old, but he was 14 years old when defendant sexually molested him the first time in 2017.

Defendant also pleaded no contest to count 19, unlawfully and knowingly contacting a minor with intent to commit a sexual offense, in violation of section 288.3, subdivision (a).  The victim stated that defendant initially contacted him when he was 13 or 14 years old, but a violation of section 288.3 is not within the provisions of section 294, subdivision (b).

Thus, while defendant was convicted of two qualifying offenses within the provisions of section 294, subdivision (b), the victim was not "under the age of 14 years" when defendant committed those offenses.  The court's order was unauthorized and must be stricken.

### II. Ineffective Assistance – the Restitution Fine and Fees

Defendant contends his defense attorney was prejudicially ineffective for failing to object to the court's imposition of the $10,000 restitution fine and other fees without

determining his ability to pay those amounts.  Defendant notes the opinion in *Dueñas* was filed in January 2019, 11 months before the sentencing hearing in this case, and asserts counsel did not have a tactical reason for not relying on the ruling to argue he similarly lacked the ability to pay.  (*Dueñas, supra,* 30 Cal.App.5th 1157.)  Defendant argues counsel's error was prejudicial because counsel knew he had limited funds and lacked earning capacity, he was represented by appointed counsel, the probation report did not have any information about his employment prospects or income, and the court could not rely on any speculative ability to earn prison wages to impose these orders.[5]

"To show ineffective assistance, defendant must show that 'counsel's performance was deficient, and that the defendant was prejudiced, that is, there is a reasonable probability the outcome would have been different were it not for the deficient performance.'  [Citations.]  'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'  [Citation.]"  (*People v. Woodruff* (2018) 5 Cal.5th 697, 761–762.)

As to the basis for defendant's ineffective assistance claim, *Dueñas* held that "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay" before it imposes any fines or fees.  (*Dueñas, supra*, 30 Cal.App.5th at pp. 1164, 1167.)[6]

We disagree with the holding in *Dueñas*.  As explained in *People v. Aviles* (2019) 39 Cal.App.5th 1055 (*Aviles*), we believe *Dueñas* was wrongly decided and an Eighth

---

[5] To the extent defendant attempts to include the court's imposition of the $300 restitution fine and other fees in case No. PCF380527 in his ineffective assistance argument, we decline to address that issue since defendant filed a separate appeal in that case (F080746), where he has also raised an ineffective assistance claim based on his attorney's failure to object to the amounts imposed under *Dueñas*.

[6] The California Supreme Court is currently considering whether trial courts must consider a defendant's ability to pay before imposing or executing fines, fees, and assessments; and if so, which party bears the applicable burden of proof.  (See *People v. Kopp* (2019) 38 Cal.App.5th 47, 94–98, review granted Nov. 13, 2019, S257844.)

Amendment analysis is more appropriate to determine whether restitution fines, fees, and assessments in a particular case are grossly disproportionate and thus excessive. (*Aviles*, at pp. 1068–1072.) Under that standard, the fines and fees imposed in this case are not grossly disproportionate to defendant's level of culpability and thus not excessive under the Eighth Amendment. (*Aviles*, at p. 1072.)

Even if we agreed with *Dueñas,* defense counsel's failure to object based on that ruling was not prejudicial because defendant has the ability to pay the fines, fees, and assessments over the course of his prison sentence. (*Aviles, supra*, 39 Cal.App.5th at pp. 1075–1077.) " ' "Ability to pay does not necessarily require existing employment or cash on hand." [Citation.] "[I]n determining whether a defendant has the ability to pay a restitution fine, the court is not limited to considering a defendant's *present* ability but may consider a defendant's ability to pay in the future." [Citation.] This include[s] the defendant's ability to obtain prison wages and to earn money after his release from custody. [Citation.]' [Citations.]" (*Aviles, supra*, 39 Cal.App.5th at p. 1076.)

We can infer from the instant record that defendant has the ability to pay the aggregate amount of fines and fees from probable future wages, including prison wages. (*Aviles, supra*, 39 Cal.App.5th at p. 1076; *People v. Ellis* (2019) 31 Cal.App.5th 1090, 1094; *People v. Douglas* (1995) 39 Cal.App.4th 1385, 1397.) In addition, there is nothing in the record to show that defendant would be unable to satisfy the fine and fees imposed by the court while serving his prison term, even if he fails to obtain a prison job. While it may take defendant some time to pay the amounts imposed in this case, that circumstance does not support his inability to make payments on these amounts from either prison wages or monetary gifts from family and friends during his prison sentence. (See, e.g., *People v. Potts* (2019) 6 Cal.5th 1012, 1055–1057; *People v. Lewis* (2009) 46 Cal.4th 1255, 1321; *People v. DeFrance* (2008) 167 Cal.App.4th 486, 505.)

While defendant was represented by appointed counsel at trial, and not ordered to repay the costs of his representation, the absence of such an order does not address the

same issues raised by his ability to pay the restitution fine and fees imposed in this case. Section 987.8 states that a court may order a defendant to reimburse the government for the costs of court-appointed counsel if the defendant has the ability to repay such amount. (§ 987.8, subds. (b), (c)(1).) "[T]here is 'a presumption under the statute that a defendant sentenced to prison does not have the ability to reimburse defense costs.' [Citation.] To rebut this presumption, there must be 'unusual circumstances.' [Citation.] And the court 'must make an express finding of unusual circumstances before ordering a state prisoner to reimburse his or her attorney.' [Citation.]" (*People v. Rodriguez* (2019) 34 Cal.App.5th 641, 646.)

Section 987.8 carries a specific statutory presumption that a defendant sentenced to more than one year in prison or county jail does not have the ability to reimburse defense costs. Such a statutory presumption does not apply to whether he had the ability to pay the statutorily mandated restitution fine and fees. (§ 987.8, subd. (g)(2)(B); *Aviles, supra*, 39 Cal.App.5th at pp. 1074–075; *People v. Rodriguez, supra,* 34 Cal.App.5th at p. 646.)

We thus conclude that based on the record before this court, defendant has the ability to pay the fines and fees, and counsel's failure to object was not prejudicial.

## III. The Protective Orders

Defendant contends the court imposed two unauthorized orders prohibiting contact between defendant and C.C., and the orders must be modified or stricken based on the provisions of the statutes. The People acknowledge that the orders must be corrected but suggests this court may clarify the orders on appeal.

As we will explain, the court imposed separate orders pursuant to section 1202.05 and section 136.2, subdivision (i)(1) to prohibit contact between defendant and the victim in this case. While the trial court was authorized to rely on these two statutes, we agree with defendant that the matter must be remanded for the court to clarify its intent as to

10.

both orders, particularly in light of our disposition ordering remand for the same reason in the companion appeal of case No. PCF380527 (F080741).

### A. Case No. PCF376534 – the Pretrial Protective Order

On February 19, 2019, the felony complaint was filed in the instant case No. PCF376534, charging defendant with 21 counts for the sexual molestation of C.C., and that conviction would require him to register as a sex offender (§ 290). On the same day, defendant appeared for the arraignment and pleaded not guilty.

At the same hearing, the court issued and personally served defendant with a criminal protective order in case No. PCF376534 pursuant to section 136.2, that prohibited him from having any personal, electronic, telephonic, or written contact with C.C., or through a third party, or come within 50 yards of him; and that C.C. may record any prohibited communications made by defendant.

The protective order had a space for specifying the expiration date, as follows: "This order expires on (date): _____. If no date is listed, this order expires three years from the date of issuance." No date was inserted into the designated space.

### B. Case No. PCF380527

On May 22, 2019, the felony complaint was filed in case No. PCF380527, charging defendant with count 1, unlawfully and knowingly contacting a minor, D.R., with the intent to commit a sexual offense, on or about August 31, 2017 (§ 288.3, subd. (a)), and that conviction would require him to register as a sex offender (§ 290).

On May 24, 2019, defendant was arraigned and pleaded not guilty in case No. PCF380527 and remanded into custody. The minute order contains the notation: "Court does not issue CPO," that a criminal protective order was not issued as to the victim D.R.

### C. Plea Proceedings

As explained above, on August 15, 2019, defendant entered into a negotiated disposition in both cases. He pleaded no contest to nine counts in case No. PCF376534,

11.

concerning C.C., and one count in case No. PCF380527, concerning D.R., for an indicated aggregate term of seven years four months in prison. The court advised defendant that he would be required to register as a sexual offender in both cases pursuant to section 290.

### D. Probation Report

One probation report was prepared for cases Nos. PCF376534 and PCF380527. In addition to calculating the prison term, the probation report recommended that in case No. PCF376534, involving C.C., the court should impose the following orders: "The defendant is prohibited from visiting *any child victim(s)* under 18 years of age pursuant to Section 1202.05 of the Penal Code," and "[t]he defendant have no further contact with the victim, in person, in writing, by telephone or by Internet." (Italics added.)

As to case No. PCF380527, where defendant was convicted of one count involving D.R., the same probation report separately recommended the court impose the following order: "The defendant have no further contact with the victim, in person, in writing, by telephone or by Internet."

### E. Sentencing Hearing

As noted above, on December 10, 2019, the court conducted one sentencing hearing for both cases Nos. PCF376534 and PCR380537, and imposed the aggregate indicated term of seven years four months in prison.

In addition to the sentence, the court orally stated that in case No. PCF376534, the sexual molestation of C.C., defendant was required to register as a sex offender (§ 290) and he was "prohibited from visiting *any persons under the age of 18*, pursuant to section 1202.05 of the Penal Code," and "[h]ave no further contact with the victim, in person, in writing, by telephone or by Internet." (Italics added.)

In case No. PCF380527, the conviction involving D.R., the court imposed the concurrent term of 18 months, and orally stated: "Same registration requirement. Same stay away orders," without stating further details.

At the conclusion of the hearing, the clerk advised the court that there was "an active CPO" in case No. PCF376534, referring to the pretrial order prohibiting contact between defendant and C.C. The court ordered: "The CPO will be reissued under the previous terms and conditions."

Defendant did not object to the protective and stay-away orders.

### F. The Minute Orders and Abstracts of Judgment

The minute order and abstract of judgment for the December 10, 2019, sentencing hearing in case No. PCF380527, the conviction involving D.R., does not have any reference or notation to show that the court imposed any protective or stay-away orders as to that victim, and the record does not contain any such order.

The minute order for the sentencing hearing for case No. PCF376534, the sexual molestation of C.C., states the court issued the following orders: "The defendant is prohibited from visiting *any child victim(s)* under 18 years of age pursuant to Section 1202.05 of the Penal Code," and separately, that "[t]he defendant have no further contact with the victim, in person, in writing, by telephone or by Internet." (Italics added.)

The minute order for case No. PCF376534 further states that a protective order was "reissued for the term of probation" under section 136.2, subdivision (i)(1), and a copy of the protective order was served on defendant during the sentencing hearing.

The abstract of judgment does not contain any reference to these orders in case No. PCF376534.

### G. The Postjudgment Protective Order

The appellate record in this case contains a criminal protective order filed on December 10, 2019, in case No. PCF376534, the sexual molestation of C.C., that is virtually identical to the pretrial order issued in the case.

The order stated it was issued pursuant to section 136.2, subdivision (i)(1), and that defendant was personally served with the order. The order prohibited defendant from having any personal, electronic, telephonic, or written contact with C.C., or through

13.

a third party, or come within 50 yards of him; and that C.C. may record any prohibited communications made by defendant.

As with the pretrial order, the postjudgment order issued at the sentencing hearing again had a space for specifying the expiration date, as follows: "This order expires on (date): _____. If no date is listed, this order expires three years from the date of issuance." There was no date listed in the designated space.

### H. Analysis

Defendant acknowledges the court had discretion to impose the orders to prohibit contact with C.C. under sections 1202.05 and 136.2, subdivision (i)(1), but points out procedural errors in the orders imposed in this case.

#### 1. Section 1202.05

Section 1202.05, subdivision (a) states: "Whenever a person is sentenced to the state prison on or after January 1, 1993, for violating Section 261, 264.1, 266c, 285, 286, 287, 288, 288.5, or 289, or former Section 288a, and the victim of one or more of those offenses is *a child under the age of 18 years, the court shall prohibit all visitation between the defendant and the child victim….*" (Italics added.) Section 1202.05's prohibition necessarily ends when the victim attains the age of 18 years. (*People v. Scott* (2012) 203 Cal.App.4th 1303, 1323.)

In the instant case No. PCF376534, the probation report recommended imposition of an order pursuant to section 1202.05 to prohibit visitation between defendant and C.C. Section 1202.05 applied in this case based on defendant's convictions for violating section 286 and 287. The record suggests the court intended to impose such an order in that case.

Section 1202.05 prohibits visitation between a defendant and a victim, when the victim "is a child under the age of 18 years." At the sentencing hearing, however, the court erroneously stated that defendant was prohibited from visiting "*any persons* under the age of 18" pursuant to section 1202.05. In contrast, the minute order for case

14.

No. PCF376534 correctly states that the defendant was "prohibited from visiting *any child victim(s)* under 18 years of age pursuant to Section 1202.05 of the Penal Code," in that case. The abstract of judgment does not refer to this order.

The matter must be remanded for the court to correct the order imposed consistent with the provisions of section 1202.05.

### 2. Section 136.2, Subdivision (i)(1)

The court also imposed an order pursuant to section 136.2, subdivision (i)(1), that states:

> "When a criminal defendant has been convicted of a crime involving domestic violence as defined in Section 13700 or in Section 6211 of the Family Code, a violation of subdivision (a) of Section 236.1, Section 261, *261.5*, 262, subdivision (a) of Section 266h, or subdivision (a) of Section 266i, a violation of Section 186.22, *or a crime that requires the defendant to register pursuant to subdivision (c) of Section 290*, the court, at the time of sentencing, shall consider issuing an order restraining the defendant from any contact with a victim of the crime. The order may be valid for up to 10 years, as determined by the court. This protective order may be issued by the court regardless of whether the defendant is sentenced to the state prison or a county jail or subject to mandatory supervision, or whether imposition of sentence is suspended and the defendant is placed on probation. It is the intent of the Legislature in enacting this subdivision that the duration of a restraining order issued by the court be based upon the seriousness of the facts before the court, the probability of future violations, and the safety of a victim and the victim's immediate family." (Italics added.)

The court had authority to impose a criminal protective order under this statute given defendant's conviction for violating section 261.5, and that he was required to register as a sex offender pursuant to section 290, subdivision (c).

When the court imposed sentence in this case, it ordered defendant to "[h]ave no further contact with the victim [C.C.], in person, in writing, by telephone or by Internet." Defendant was served with the criminal protective order pursuant to section 136.2, subdivision (i)(1), that prohibited him from having any personal, electronic, telephonic,

15.

or written contact with C.C. The postjudgment order had a space for specifying the expiration date, the space was left empty, and the order stated that "[i]f no date is listed, this order expires three years from the date of issuance."

Defendant asserts the court could only impose the criminal protective order for 10 years but failed to state a specific time period, and that meant it was an indefinite order without an end date. The People suggest that given the language in the form, the absence of a specified time period in the appropriate space appears to mean that the criminal protective order would expire in three years from when it was issued at the sentencing hearing on December 10, 2019.

Such a conclusion, however, is inconsistent with the record. At that same hearing, the court sentenced defendant to an aggregate term of seven years four months in case No. PCF376534. The minute order for the case stated the protective order was "reissued *for the term of probation.*" (Italics added.) It is not clear whether the court intended for the protective order to default to three years, or that it only went into effect once defendant was placed on probation.

Given this inconsistency, the matter must be remanded for the court to clarify the length of the criminal protective order issued pursuant to section 136.2, subdivision (i)(1), prohibiting contact between defendant and C.C., and, as necessary, correct the record, including the protective order, minute order, and abstract of judgment.[7]

## IV.  Correction of Abstract of Judgment

Defendant contends the abstract of judgment filed on December 10, 2019, for the sentence imposed in this case must be corrected. The People did not address this issue.

---

[7] In *People v. Lucas Pete Mitchell*, F080746, defendant's appeal from case No. PCF380527, we are separately remanding the matter to the trial court to clarify whether it intended to impose orders prohibiting contact between defendant and D.R., and correct the abstract of judgment on another issue.

The court sentenced defendant in case No. PCF376534, for the nine convictions for sexually molesting C.C., and it imposed an aggregate term of seven years four months in prison based on consecutive terms for counts 13, 16, 20, 2, and 7, with concurrent terms for counts 1, 4, 10 and 19.

In the abstract of judgment, there are parentheses around the concurrent terms imposed for those four counts. Defendant requests that check marks must be added to part 1 of the abstract to indicate that concurrent terms were terms imposed for the counts designated as "1A," "4A," "10A," and "19A" in case No. PCF376534.

On remand, the court shall correct the abstract of judgment accordingly.

## DISPOSITION

On our own motion, we take judicial notice of the appellate record before this court in *People v. Lucas Pete Mitchell*, F080746, which is defendant's appeal from case No. PCF380527.

The instant matter (F080741) is remanded for the limited purpose of the trial court clarifying and correcting the orders prohibiting contact between defendant and C.C. imposed pursuant to section 1202.05 and section 136.2, subdivision (i)(1), striking the fine imposed under section 294, subdivision (b), amend the abstract of judgment as to the concurrent terms, and correct the record and the abstract of judgment as necessary.

The court is directed to issue an amended abstract of judgment reflecting the modifications and forward a certified copy to all appropriate parties.

In all other respects, the judgment is affirmed.

17.