Filed 8/3/22  P. v. Randolph CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RAYMOND CHARLES RANDOLPH,<br><br>    Defendant and Appellant. | B317519<br><br>(Los Angeles County Super. Ct. No. MA027017) |

THE COURT:

Defendant and appellant Raymond Charles Randolph (defendant) appeals from an order denying his pro se petition for clarification of his restitution fine obligation and to stop the collection of funds from his prison trust account.  Appointed counsel filed a brief raising no issues and asking this court to follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496.  Where appointed counsel finds no arguable issues in an appeal seeking postjudgment relief, the appellate

court is not required to conduct an independent review of the record for arguable issues. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040, review granted Oct. 14, 2020, S264278; see *People v. Serrano, supra*, at p. 503.) Instead, the defendant is given the opportunity to file his or her own supplemental brief or letter, and we review the defendant's contentions or arguments set forth in any such supplemental brief or letter that may be filed. (*People v. Cole, supra*, at p. 1039.) Here, defendant was notified of his counsel's brief, and he filed a supplemental brief. We have reviewed the contentions or arguments set forth therein, and we agree with the trial court that defendant has failed to make a prima facie case for relief. We thus affirm the court's order.

## BACKGROUND

In 2004, defendant was convicted of second degree murder, assault with a semiautomatic firearm, and unlawful possession of a firearm. He was sentenced to life in prison with a minimum parole period of 80 years. In addition, defendant was ordered to pay a restitution fine of $750. In 2020, prior to filing the current petition, defendant filed a petition for writ of habeas corpus in the superior court, which the court construed as requesting that the amount of his restitution fine in superior court case No. MA027017 be reduced or discharged due to COVID-19.[1] The court denied the habeas petition on August 28, 2020.

In December 2021, defendant filed a "Petition for Clarification of Restitution Order," which is the subject of this

---

[1] As the habeas petition is not the subject of this appeal and has not been included in the appellate record, we are unaware of the allegations.

appeal. Defendant's appointed counsel construes it as a request for clarification of the trial court's denial of defendant's petition for writ of habeas corpus; and as the denial of a habeas petition is not appealable, counsel asks this court to deem the current petition to be one for writ of mandate. We do not agree that the current petition was one for clarification of the trial court's habeas order, as the petition does not ask for clarification, but purports to *provide* clarification to the trial court that misconstrued defendant's claim. Defendant's petition appears to be seeking mandamus without expressly so stating. "A writ of mandate may be issued by any court to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station . . . ." (Code Civ. Proc., § 1085, subd. (a).)

The petition attaches copies of the payment history of the $750 restitution fine imposed in superior court case No. MA027017, kept by the California Department of Corrections and Rehabilitation (CDCR). It is alleged that the $750 restitution fine was paid in full by 2015, and the CDCR unlawfully continued to collect payments from defendant's trust account in 2020. After the trial court denied the habeas petition, defendant sought relief through a claim and appeal to the CDCR, which was denied. The petition further alleges that defendant had three prior cases, superior court case Nos. MA007794, MA012133, and MA017730, for which he was "Discharge Parole [*sic*]" on February 28, 2002, causing the trial court to lose jurisdiction to collect restitution fines imposed in those prior cases. The petition seeks the following relief: that the court's understanding be clarified; that the court stops the unlawful collection of restitution; and for any further relief deemed proper.

3

On December 4, 2021, the trial court denied defendant's petition, ruling that defendant had not made a prima facie case for relief due to the absence of documentary evidence supporting his claim. In addition, the court explained:

> "The court records reveal that Petitioner has been incarcerated . . . pursuant to four separated cases. (Case numbers MA027017, MA017730, MA012133, and MA007794.) In each of those cases, he was ordered to pay a mandatory restitution fund fine.[2] Petitioner has provided documents, showing that CDCR is garnishing his account, in order to pay his outstanding restitution obligations in case numbers MA017730 and MA012133, notwithstanding the fact that he has paid his restitution fine in full in case number MA027017. [¶] The California Department of Corrections and Rehabilitation had the authority, under Penal Code section 2085.5(a), to resume garnishing an inmate's prison wages whenever he is returned to prison, even if the defendant has completed the sentence for the prior crime on which the restitution fine is based. (See *People v. Ellis* (2019) 31 Cal.App.5th 1090.)"[3]

> Defendant filed a timely notice of appeal from the order.

---

[2]    Those records have not been included here in the record on appeal.

[3]    In *Ellis*, the defendant was in prison at the time of the deduction by the CDCR, although he had fully served his sentence to which the fine as attached. (*People v. Ellis, supra*, 31 Cal.App.5th at pp. 1093-1094.)

4

## DISCUSSION

In his supplemental brief defendant argues that *People v. Ellis*, cited by the trial court, is distinguishable because, there, the CDCR still had all of the collection records. Defendant asserts that he has been discharged from parole in the prior cases, that the CDCR gave up jurisdiction to collect the prior fines to the Franchise Tax Board, and now only that agency has jurisdiction to collect them. Defendant further asserts that the records of the CDCR and Franchise Tax Board do not match; however, as the trial court observed, defendant presented no documentary evidence in support of his contentions.[4] Nor has defendant provided authority for his contentions.

A restitution fine survives parole, and any portion that remains unsatisfied when a defendant is no longer on parole remains enforceable. (Pen. Code, § 1214, subd. (a).) Restitution fines may be collected in myriad ways. (See generally, *Estate of Casserley* (2018) 22 Cal.App.5th 824, 836-838.) Under certain conditions, the CDCR *may* refer the defendant's outstanding obligation to the Franchise Tax Board. (Rev. & Tax. Code, § 19280.) Defendant has cited no authority suggesting that the CDCR loses jurisdiction to collect the debt from a prisoner if there had been a previous referral, and we have found none. The CDCR has the authority to garnish an inmate's prison wages whenever he is in prison, even if he has completed the sentence for the prior crime on which the restitution fine is based. (*People v. Ellis*, *supra*, 31 Cal.App.5th at pp. 1093-1094.) Indeed, the CDCR is required to deduct specified amounts owing on a

---

[4]    In particular, defendant has not provided any evidence of how, when, or even if the Franchise Tax Board came to collect defendant's restitution fine obligation.

restitution fine from the wages and trust account deposits of a prisoner. (Pen. Code, § 2085.5, subd. (a).) It follows that the CDCR has the authority to *resume* garnishing an inmate's prison wages whenever he is returned to prison, as the trial court concluded here.

In sum, we conclude that the trial court understood defendant's clarification of his claim and correctly found that defendant had not made a prima facie case for ordering the CDCR to stop collecting amounts owed on any previous restitution fines.

## DISPOSITION

The order of the superior court denying defendant's petition for clarification of restitution order is affirmed.

_____

ASHMANN-GERST, Acting P. J.  CHAVEZ, J.  HOFFSTADT, J.

6