Filed 5/26/21  P. v. Velez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JAVIER ZAMORA VELEZ, <br><br> Defendant and Appellant. | F080015 <br><br> (Super. Ct. No. F19903111) <br><br><br> **OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Heather Mardel Jones, Judge.

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Jamie A. Scheidegger, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P.J., Poochigian, J. and Detjen, J.

# INTRODUCTION

Based on events that occurred in Fresno County in April 2019, defendant Javier Zamora Velez was charged in Fresno Superior Court case No. F19903111 with unlawfully driving or taking a vehicle exceeding $950 in value (Veh. Code, § 10851, subd. (a); count 1), receiving a stolen vehicle exceeding $950 in value (Pen. Code, § 496d, subd. (a); count 2),[1] carrying a concealed dirk or dagger (§ 21310; count 3), misdemeanor possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a); count 4), and misdemeanor hit and run (Veh. Code, § 20002, subd. (a); count 5).[2] On June 21, 2019, in exchange for a maximum possible sentence of four years, dismissal of the remaining four counts and dismissal of a separate case, Fresno Superior Court case No. F19903110, defendant pleaded no contest to count 1, unlawfully driving or taking a vehicle. He also admitted the vehicle's value exceeded $950; admitted he had a 2016 prior serious felony conviction for attempted robbery within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)); and admitted he violated parole in the 2016 case.

On August 20, 2019, in accordance with the terms of the plea bargain, the trial court sentenced defendant to the middle term of two years on count 1, doubled to four years under the Three Strikes law. In addition, the court imposed, without objection, a restitution fine of $300 under section 1202.4, subdivision (b)(1); a parole revocation restitution fine of $300 under section 1202.45, subdivision (a), suspended; a court operations assessment of $40 under section 1465.8; a court facilities assessment of $30 under Government Code section 70373; and a probation report fee of $296 under section 1203.1b.

---

[1]    All further statutory references are to the Penal Code unless otherwise noted.

[2]    The facts underlying defendant's crimes are not relevant to the issues raised on appeal and therefore, we do not summarize them.

On appeal and in reliance on the Court of Appeal's decision in *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), defendant claims the court assessments must be stayed pending an ability-to-pay hearing, imposition of the restitution fine without a hearing violated the excessive fines clause of the Eighth Amendment and equal protection principles; the probation report fee should be stricken based on his inability to pay; and he received ineffective assistance of counsel.[3] The People maintain that forfeiture bars defendant's claim and, on the merits, they contend that imposition of the nonpunitive court assessments without determining defendant's ability to pay was harmless error, imposition of the restitution fine was not unconstitutional, and defendant fails to meet his burden of demonstrating ineffective assistance of counsel.

As explained below, we conclude defendant forfeited his claim that imposition of the fines, fees, and court assessments was unconstitutional, his trial counsel did not render ineffective assistance, and, in any event, his *Dueñas* claim fails on its merits. Therefore, we affirm the judgment.

## DISCUSSION

### I.      Forfeiture

Defendant was sentenced on August 20, 2019, which was more than seven months after the Court of Appeal issued its decision in *Dueñas*, and the record reflects the trial

---

[3]      While the appeal was pending, defendant filed a motion in the trial court as required to perfect appellate review and comply with section 1237.2, which provides, "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing.  The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction.  This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal." (See *People v. Hall* (2019) 39 Cal.App.5th 502, 504 [§ 1237.2 applies to appeal raising *Dueñas* claim].)  Citing to *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1073–1074 (*Aviles*), the trial court denied the motion.

court and the parties were aware of the decision. The trial court noted that defendant was entitled to an ability-to-pay hearing, but stated that it would reduce the recommended restitution fine from $1,200 to $300 if defendant waived the hearing. Defendant did so.

The failure to object in the trial court generally forfeits a claim on appeal and this principle is applicable to constitutional claims. (*People v. McCullough* (2013) 56 Cal.4th 589, 593; *In re Sheena K.* (2007) 40 Cal.4th 875, 880–881.) Moreover, "'discretion to excuse forfeiture should be exercised rarely and only in cases presenting an important legal issue.'" (*In re Sheena K.*, *supra*, at p. 888, fn. 7.) It is well established that the failure to object to probation-related costs under section1203.1b forfeits appellate review (*People v. Aguilar* (2015) 60 Cal.4th 862, 864), and, as stated, defendant had ample notice prior to sentencing of the appellate decision on which he now relies to advance his constitutional claims. Defendant does not argue to the contrary and we find his failure to object forfeits review of his appellate challenge to the imposition of the fines, fees and court assessments.

## II. Counsel Not Ineffective

Defendant argues that counsel's failure to object to the fines, fees and assessments based on his inability to pay constituted ineffective assistance of counsel. We disagree.

"'[A] defendant claiming a violation of the federal constitutional right to effective assistance of counsel must satisfy a two-pronged showing: that counsel's performance was deficient, and that the defendant was prejudiced, that is, there is a reasonable probability the outcome would have been different were it not for the deficient performance.'" (*People v. Woodruff* (2018) 5 Cal.5th 697, 736, quoting *People v. Alexander* (2010) 49 Cal.4th 846, 888; accord, *Strickland v. Washington* (1984) 466 U.S. 668, 687; *People v. Mickel* (2016) 2 Cal.5th 181, 198.) To establish deficient performance, defendant must show that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." (*People v. Mai* (2013) 57 Cal.4th 986, 1009; accord, *Strickland v. Washington*, *supra*, at pp. 687–688; *People v.*

4.

*Mickel, supra*, at p. 198.) "[W]e do not second-guess trial counsel's reasonable tactical decisions." (*People v. Lucas* (2014) 60 Cal.4th 153, 278, disapproved on another ground in *People v. Romero and Self* (2015) 62 Cal.4th 1, 53–54, fn. 19.) "[A] defendant's burden [is] 'difficult to carry on direct appeal,' as a reviewing court will reverse a conviction based on ineffective assistance of counsel on direct appeal only if there is affirmative evidence that counsel had ""'no rational tactical purpose'"" for an action or omission." (*People v. Mickel, supra*, 2 Cal.5th at p. 198, quoting *People v. Lucas* (1995) 12 Cal.4th 415, 437.)

In this case, the fines, fees, and court assessments now challenged on appeal amounted to $666. Had the court imposed the recommended restitution fine of $1,200, the total would have been $1,566. Defense counsel could have reasonably determined that it was more beneficial to defendant to accept the lower restitution fine amount rather than object to the fines, fees, and court assessments, thereby risking imposition of a higher restitution fine following a hearing, particularly given that defendant did not report any physical health problems and he had an employment history in construction.

Under these circumstances, defendant fails to show that counsel was ineffective. Although this determination forecloses defendant's claim, we also note that he has not demonstrated a reasonable probability of a more favorable result had counsel objected.

## III.    No Constitutional Violation and Any Assumed Error Harmless

Finally, even if defendant's claim had not been forfeited, it would fail on the merits. *Dueñas* held that "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay" before it imposes any fines or fees. (*Dueñas, supra*, 30 Cal.App.5th at p. 1164, see p. 1167.) We disagree with the holding in *Dueñas* and find the matter need not be remanded for further findings. As explained in *Aviles, supra*, 39 Cal.App.5th 1055, we believe *Dueñas* was wrongly decided and an Eighth Amendment analysis is more appropriate to determine whether restitution fines, fees, and assessments in a particular case are grossly disproportionate

5.

and thus excessive. (*Aviles*, *supra*, at pp. 1068–1072.) Under that standard, the fines and fees imposed in this case, which amount to less than $700, are not grossly disproportionate to defendant's level of culpability and the harm he inflicted, and thus not excessive under the Eighth Amendment. (*Aviles*, *supra*, at p. 1072; accord, *People v. Lowery* (2020) 43 Cal.App.5th 1046, 1057–1058 (*Lowery*).)

Even assuming arguendo that we agreed with *Dueñas*, we would still reject defendant's constitutional claims and find that because defendant has the ability to pay the fines and fees imposed in this case, any error "was harmless beyond a reasonable doubt." (*Chapman v. California* (1967) 386 U.S. 18, 24; accord, *Lowery*, *supra*, 43 Cal.App.5th at pp. 1060–1061; *Aviles*, *supra*, 39 Cal.App.5th at pp. 1075–1077; *People v. Jones* (2019) 36 Cal.App.5th 1028, 1035.) "'"Ability to pay does not necessarily require existing employment or cash on hand." [Citation.] "[I]n determining whether a defendant has the ability to pay a restitution fine, the court is not limited to considering a defendant's *present* ability but may consider a defendant's ability to pay in the future." [Citation.] This include[s] the defendant's ability to obtain prison wages and to earn money after his release from custody. [Citation.]'" (*Aviles*, *supra*, at p. 1076.)

We can infer from the instant record that defendant, who reported no physical limitations and had a years-long employment history, has the ability to pay the aggregate amount of fines and fees from probable future wages, including prison wages. (*Lowery*, *supra*, 43 Cal.App.5th at pp. 1060–1061; *Aviles*, *supra*, 39 Cal.App.5th at p. 1076; *People v. Ellis* (2019) 31 Cal.App.5th 1090, 1094; *People v. Douglas* (1995) 39 Cal.App.4th 1385, 1397.) There is nothing in the record to show that defendant would be unable to satisfy the fine and fees imposed by the court while serving his prison term, even if he fails to obtain a prison job. While it may take defendant some time to pay the amounts imposed in this case, that circumstance does not support his inability to make payments on these amounts from either prison wages or monetary gifts from family and friends during his prison sentence. (See, e.g., *People v. Potts* (2019) 6 Cal.5th 1012,

1055–1057; *People v. Lewis* (2009) 46 Cal.4th 1255, 1321; *People v. DeFrance* (2008) 167 Cal.App.4th 486, 505.)

## DISPOSITION

The judgment is affirmed.