Filed 11/16/21  P. v. Stephens CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MARCUS STEPHENS,<br><br>Defendant and Appellant. | F080473<br><br>(Super. Ct. No. DF014555A)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  William D. Palmer, Judge.  (Retired Judge of the Kern County Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Erin J. Radekin, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Jamie A. Scheidegger, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P. J., Poochigian, J. and Detjen, J.

Defendant Marcus Stephens pled no contest to felony possession of marijuana in a state prison in violation of Penal Code section 4573.6.[1] The trial court sentenced him to a two-year term of incarceration and imposed various fines and fees, including a restitution fine (§ 1202.4, subd. (b)), a court operations fee (§ 1465.8), and a court facilities assessment (Gov. Code, § 70373). On appeal, defendant contends that (1) his conviction should be vacated because possession of less than 28.5 grams of marijuana in prison was decriminalized by the Control, Regulate and Tax Adult Use of Marijuana Act (Proposition 64) and (2) the trial court erred in ordering him to pay fines and fees without conducting a hearing on his ability to pay those amounts as set forth in *People v. Dueñas* (2019) 30 Cal.App.5th 1157. We affirm.

**PROCEDURAL SUMMARY**

On August 6, 2019, the Kern County District Attorney filed a complaint charging defendant with felony possession of marijuana in a correctional facility (§ 4573.6; count 1). The complaint further alleged that defendant had suffered a prior strike conviction (§§ 667, subds. (c)–(j) & 1170.12, subds. (a)–(e)) and had served a prior prison term (§ 667.5, subd. (b)).

On October 24, 2019, pursuant to a plea agreement, defendant pled no contest to count 1. In exchange, the trial court dismissed the prior strike and prior prison term allegations on the prosecutor's motion and indicated a two-year concurrent term on count 1. On December 3, 2019, the court imposed the stipulated sentence. As part of the sentence, the court ordered defendant to pay a $40 court operations fee (§ 1465.8), a $30 court facilities assessment (Gov. Code, § 70373), a $300 restitution fine (§ 1202.4, subd. (b)), and a suspended $300 parole revocation restitution fine (§ 1202.45).

On December 13, 2019, defendant filed a notice of appeal.

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

# FACTUAL SUMMARY

On October 21, 2018, defendant possessed marijuana while in a correctional facility.

# DISCUSSION

## A.  Proposition 64 and Section 4573.6

Until recently, California Courts of Appeal were split on the issue of whether possession of less than 28.5 grams of marijuana in prison remained a crime after Proposition 64 became effective.  Our Supreme Court resolved that issue.  "[P]ossession of cannabis in prison remains a violation of … section 4573.6."  (*People v. Raybon* (2021) 11 Cal.5th 1056, 1060.)  We are bound by our Supreme Court's holding.  (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)  Defendant's conviction for possession of marijuana in prison must therefore be affirmed.

## B.  Restitution and Fines

Defendant contends the court improperly imposed the fines and fees without conducting a hearing on his ability to pay those amounts based on *Dueñas*, that held "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay" before it imposes any fines or fees.  (*People v. Dueñas*, *supra*, 30 Cal.App.5th at pp. 1164, 1167.)[2]  The People respond that defendant forfeited his claim by failing to raise it at sentencing.  In turn, defendant contends that, to the extent his claim was forfeited, his counsel provided ineffective assistance.  We conclude that defendant's claim is without merit.

We disagree with the holding in *Dueñas*.  As explained in *People v. Aviles* (2019) 39 Cal.App.5th 1055 (*Aviles*), we believe *Dueñas* was wrongly decided and an

---

[2]    The Supreme Court is currently considering whether trial courts must consider a defendant's ability to pay before imposing or executing fines, fees, and assessments; and if so, which party bears the applicable burden of proof.  (See *People v. Kopp* (2019) 38 Cal.App.5th 47, 94–98, review granted Nov. 13, 2019, S257844.)

Eighth Amendment analysis is more appropriate to determine whether restitution fines, fees, and assessments in a particular case are grossly disproportionate and thus excessive. (*Aviles*, at pp. 1068–1072.)  Under that standard, the fines and fees imposed in this case are not grossly disproportionate to defendant's level of culpability and thus not excessive under the Eighth Amendment.  (*Aviles*, at p. 1072.)

Next, to the extent *Dueñas* applies to this case, defendant did not forfeit review of the issue under the governing law at the time of his sentencing hearing.  Section 1202.4, subdivisions (c) and (d) only permit a party to raise an ability to pay objection when the court imposes a restitution fine above the statutory minimum.  Here, the court imposed the minimum restitution fine of $300, and thus defendant lacked the statutory authority to object at that time.  (Cf. *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153–1154.)  In addition, the statutes that authorize the imposition of the court operations and facilities fees and assessments do not permit a defendant to make any kind of ability to pay objection.  (§ 1465.8, subd. (a)(1); Gov. Code, § 70373, subd. (a)(1).)

Even if we agreed with *Dueñas*, we would reject defendant's constitutional claims and find any error arising from the trial court's failure to make an ability to pay finding harmless beyond a reasonable doubt because defendant has the ability to pay the fines, fees, and assessments over the course of his prison sentence.  (*Chapman v. California* (1967) 386 U.S. 18, 24; *People v. Jones* (2019) 36 Cal.App.5th 1028, 1030–1031; *Aviles*, *supra*, 39 Cal.App.5th at pp. 1075–1077.)  " ' "Ability to pay does not necessarily require existing employment or cash on hand."  [Citation.]  "[I]n determining whether a defendant has the ability to pay a restitution fine, the court is not limited to considering a defendant's *present* ability but may consider a defendant's ability to pay in the future."  [Citation.]  This include[s] the defendant's ability to obtain prison wages and to earn money after his release from custody.  [Citation.]' " (*Aviles*, at p. 1076.)

We can infer from the instant record that defendant has the ability to pay the aggregate amount of fines and fees from probable future wages, including prison wages.

(*Aviles*, *supra*, 39 Cal.App.5th at p. 1076; *People v. Ellis* (2019) 31 Cal.App.5th 1090, 1094; *People v. Douglas* (1995) 39 Cal.App.4th 1385, 1397.)  In addition, there is nothing in the record to show that defendant would be unable to satisfy the fines and fees imposed by the court while serving his prison term, even if he fails to obtain a prison job. On the date of his sentencing, defendant was 24 years of age and the probation officer's report did not indicate that defendant was unable to work.  While it may take defendant some time to pay the amounts imposed in this case, that circumstance does not support his inability to make payments on these amounts from either prison wages or monetary gifts from family and friends during his prison sentence.  (See, e.g., *People v. Potts* (2019) 6 Cal.5th 1012, 1055–1057; *People v. Lewis* (2009) 46 Cal.4th 1255, 1321; *People v. DeFrance* (2008) 167 Cal.App.4th 486, 505.)

We thus conclude that based on the record before this court, defendant has the ability to pay the fines and fees, and any error arising from the court's failure to make an ability to pay finding was harmless beyond a reasonable doubt.

For the same reason that defendant's *Dueñas* claim fails on its merits, his ineffective assistance of counsel claim would fail for lack of prejudice.  "To show ineffective assistance, defendant must show that 'counsel's performance was deficient, and that the defendant was prejudiced, that is, there is a reasonable probability the outcome would have been different were it not for the deficient performance.' [Citations.]  'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " (*People v. Woodruff* (2018) 5 Cal.5th 697, 761–762.)  Here, defendant suffered no prejudice for his counsel's failure to object to imposition of fines and fees because the fines and fees are not grossly disproportionate to defendant's level of culpability and defendant has the ability to pay the aggregate amount of fines and fees from probable future wages.  The outcome would therefore have been no different if his counsel had objected to the imposition of the fines and fees.

## DISPOSITION

The judgment is affirmed.